STATE OF NORTH CAROLINA v. EVA JANE LOCKLEAR

No. 8216SC1007

(Filed 5 April 1983)

**Criminal Law § 138— aggravating factor—prior convictions—absence of evidence of representation by counsel—harmless error**

In a prosecution in which defendant pled guilty to ten counts of forgery and ten counts of uttering and the trial court imposed a sentence of five years for five counts of forgery and five counts of uttering and a consecutive

sentence of five years for the remaining counts of forgery and uttering, the trial court erred in finding as an aggravating factor that defendant had prior convictions for criminal offenses punishable by more than 60 days' confinement where there was no evidence in the record as to whether defendant was indigent and was represented by or waived counsel at the prior trials. However, such error was not prejudicial to defendant since the trial court could have sentenced defendant to imprisonment for two years on each of the 20 counts for a total of 40 years, and it is clear that the aggravating factor found by the court did not influence, adversely to defendant, the sentences imposed.

APPEAL by defendant from *Winberry, Judge.* Judgments entered 31 March 1982 in Superior Court, ROBESON County. Heard in the Court of Appeals 15 March 1983.

*Attorney General Edmisten, by Assistant Attorney General Evelyn M. Coman, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant appellant.*

WHICHARD, Judge.

Defendant pled guilty to, and was found guilty of, ten counts of forgery and ten counts of uttering. The court consolidated for judgment five counts of forgery and five counts of uttering, and sentenced defendant thereon to a term of five years imprisonment. It also consolidated the remaining five counts of forgery and five counts of uttering, and sentenced defendant thereon to an additional five years imprisonment, to run consecutive to the other five year term. In each judgment the court found as an aggravating factor that "[t]he defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement," and that the factors in aggravation outweighed the factors in mitigation.

The sole issue is the sufficiency of the evidence to support the finding in aggravation that defendant had "a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement." The only evidence relating to this finding was the following:

At the sentencing hearing the District Attorney stated to the court: "I don't have a record check, but it's my information that [defendant] ha[s] pulled time—served time before for the theft of federal checks—the theft of checks from mailboxes." The court

---

---

then asked: "She has served Federal time?" Defense counsel responded: "Yes. Some three to four years [;] she has served some Federal time. At that time she would go to Baltimore and bring the checks back down here and had them in her account down here."

G.S. 15A-1340.4(e) (Cum. Supp. 1981) provides:

> A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. . . . No prior conviction which occurred while the defendant was indigent may be considered in sentencing unless the defendant was represented by counsel or waived counsel with respect to that prior conviction.

For reasons hereafter set forth, we need not consider whether defense counsel's statement to the court constituted a stipulation regarding defendant's prior convictions. In a recent opinion which was not available to the trial court, this Court indicated that the burden should be on the State to prove that, at the time of prior convictions, the defendant either was not indigent, was represented by counsel, or waived counsel; and that the court cannot find these matters by a preponderance of the evidence when the record contains no evidence with regard thereto. *State v. Thompson*, 60 N.C. App. 679, 300 S.E. 2d 29, *disc. rev. all'd.*, --- N.C. ---, 302 S.E. 2d 258 (1983). *See also State v. Farmer*, 60 N.C. App. 779, 299 S.E. 2d 842 (1983). The record here contains no evidence regarding these matters, and the foregoing cases thus might ordinarily require remand for re-hearing or for imposition of the presumptive sentences.[1] *See also State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983) (wherein sentences exceeding the presumptive were imposed and our Supreme Court remanded for resentencing upon holding that the trial court had found a factor in aggravation which was not supported by the evidence).

Under the discrete circumstances here, however, we find the sentences imposed without prejudice. Offenders convicted of forgery and uttering are punishable as Class I felons. G.S. 14-119 (forgery), -120 (uttering). The presumptive prison term for Class I

---

1. *See State v. Massey*, 59 N.C. App. 704, 298 S.E. 2d 63 (1982), which indicates the contrary, however.

felonies is two years. G.S. 15A-1340.4(f)(7) (Cum. Supp. 1981). Defendant pled guilty to, and was found guilty of, ten counts of forgery and ten counts of uttering. With no finding whatever of aggravating factors, then, the court could have sentenced defendant to two years imprisonment on each of the twenty counts, for a total of forty years. In doing so it would not in any way have run afoul of the statutes governing sentencing.

This Court has stated that "[t]he fair sentencing act did not remove, nor did it intend to remove, all discretion from the sentencing judge." *State v. Davis*, 58 N.C. App. 330, 333, 293 S.E. 2d 658, 661 (1982) (quoted with approval by our Supreme Court in *State v. Ahearn, supra*, 307 N.C. at 597, 300 S.E. 2d at 697). The matters recited above make it abundantly clear that the aggravating factor found did not influence, adversely to defendant, the sentences imposed; that the sentences represented the judgment of the trial court, in the exercise of its discretion, as to the appropriate punishment, and were within its power to impose; and that to remand for re-sentencing would thus be purposeless. We therefore decline to find error in the sentencing proceeding.

No error.

Judges HEDRICK and BRASWELL concur.