STATE OF NORTH CAROLINA v. CARROLL DEAN BROOKS

No. 8227SC784

(Filed 5 April 1983)

**1. Criminal Law § 34— officer's prior knowledge of defendant—admissibility**

An officer's testimony that he had known defendant "prior to this" did not imply that defendant had been involved in prior criminal activity but was relevant to show that the officer had properly identified defendant.

**2. Criminal Law § 138— aggravating factor—use of deadly weapon—element of crime**

In imposing a sentence for discharging a firearm into occupied property, the trial court erred in finding as an aggravating factor that defendant was armed with or used a deadly weapon since such factor was an element of the offense for which defendant was being sentenced. G.S. 15A-1340.4(a)(1).

**3. Criminal Law § 138— sentencing hearing—effect of failure to object to evidence**

Defendant's failure to object to the introduction of his criminal record at a sentencing hearing constituted a waiver of the right to object, and the admission of the record is not a proper basis for appeal. App. R. 10(b)(1).

**4. Criminal Law § 138— improper aggravating factor—remand for resentencing**
     Where the trial court, in imposing a sentence in excess of the presumptive
term, improperly considered one of the two aggravating factors which it found
to exist, the case must be remanded for resentencing.

APPEAL by defendant from *Thornburg, Judge.* Judgment
entered 23 March 1982 in Superior Court, LINCOLN County. Heard
in the Court of Appeals 7 February 1983.

Defendant was charged with discharging a firearm into oc-
cupied property, in violation of G.S. 14-34.1. The State's evidence
tended to show that on 18 December 1981, at midnight, defendant
followed his ex-wife, Mary Ellen Stidham, home to her trailer. She
went inside and defendant, who remained outside, yelled at her
husband, Chuck Stidham. According to Chuck Stidham, defendant
pointed a rifle at him and fired. Stidham ducked, and the bullet
went through the pantry wall and into the living room. Stidham
said defendant was driving a dark blue Datsun with a primered
front fender. The car did not look as if it had been in an accident.
At twelve-thirty a.m., Deputy Sheriff Craig arrived at David
Brooks' house in response to a call about the shooting. David
Brooks is defendant's brother. Craig saw defendant's Datsun
which appeared to have been in an accident. Defendant's mother
was not there. Craig stayed for fifteen minutes.

Defendant introduced evidence which tended to show that at
eleven thirty-three p.m., on 18 December 1981, he went to David
Brooks' house after wrecking his mother's car. Sometime later,
Craig arrived at David Brooks' house. Forty-five minutes after
defendant arrived, his mother and two of his brothers came to
take him to the hospital. They left for the hospital at twelve-fifty
a.m.

Defendant was found guilty of discharging a firearm into oc-
cupied property. At the sentencing hearing, the trial judge found
the following aggravating factors:

> 9. The defendant was armed with or used a deadly
>     weapon at the time of the crime.

> 15. The defendant has a prior conviction or convictions
>     for criminal offenses punishable by more than 60
>     days confinement.

The trial judge found no mitigating factors. He imposed a sentence of five years imprisonment, a sentence exceeding the three-year presumptive term.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant appellant.*

VAUGHN, Chief Judge.

[1] Defendant's five assignments of error are presented in three arguments. He first assigns as error the trial judge's overruling his objection to a question the State asked Deputy Sheriff Craig on direct examination. The question was "did you know Mr. Brooks prior to this?" Craig answered, "Yes, sir." Defendant argues that the question was improper because Craig's prior knowledge of defendant implied that defendant had either committed or had been suspected of having committed other, unrelated offenses. This argument is without merit. Craig's knowledge of defendant was relevant to show that he had properly identified defendant. Craig and the defendant lived in a small town. That they knew each other in no way implied defendant had been involved in prior criminal activity. We find no error in the guilt determination part of defendant's trial.

[2] Defendant's remaining assignments of error concern the trial judge's finding aggravating factors and his imposition of a sentence in excess of the presumptive term in the sentencing hearing. Defendant contends, and we agree, that the trial judge erred in finding as a factor in aggravation that defendant was armed with or used a deadly weapon. "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. . . ." G.S. 15A-1340.4(a)(1). Clearly, the rifle was evidence necessary to prove an element of the offense of discharging a firearm into occupied property, and was improperly used to prove an aggravating factor.

[3] Defendant's next argument is that the trial judge's finding as a factor in aggravation that he had prior convictions was improper. He contends G.S. 15A-1340.4(e), which provides that "[a] prior conviction may be proved by stipulation of the parties or by

the original or a certified copy of the court record of the prior conviction," precludes proof by any other method.

Defendant failed to object when his record, which he contends was not shown to be an original or certified copy, was handed to the trial judge at the sentencing hearing. The failure to object to the introduction of evidence constitutes a waiver of the right to object, and the admission of the evidence is not a proper basis for appeal. Rule 10(b)(1), Rules of Appellate Procedure; *State v. Wilkins*, 297 N.C. 237, 254 S.E. 2d 598 (1979). Moreover, the language of G.S. 15A-1340.4(e) is permissive rather than mandatory and does not preclude other methods of proof. *State v. Massey*, 59 N.C. App. 704, 298 S.E. 2d 63 (1982).

[4] Defendant assigns as error the trial judge's imposition of a sentence in excess of the presumptive term. Upon a finding that aggravating factors outweigh mitigating factors by the preponderance of the evidence, it is within the trial judge's discretion to decide whether to increase the sentence above the presumptive term, and to what extent. *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *review denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). In this situation, however, where one of the two aggravating factors was improperly considered, the judge exercised his discretion in the light of that misapprehension. *State v. Ahearn*, --- N.C. ---, --- S.E. 2d --- (596A82) (filed 8 March 1983). The judgment imposing sentence must be vacated and the case remanded for resentencing.

Vacated and remanded.

Judges WELLS and BRASWELL concur.