STATE OF NORTH CAROLINA v. BUDDY FARRELL CALLICUTT

No. 8219SC982

(Filed 17 May 1983)

1. **Burglary and Unlawful Breakings § 5.8— felonious breaking or entering and felonious larceny — sufficiency of evidence**

   The evidence was sufficient to find defendant guilty of felonious breaking or entering and felonious larceny where it tended to show that the night before the breaking or entering, the defendant spent the night at the home of his grandmother; that his grandmother twice found unlocked windows in her grandson's room and instructed him to relock them; that approximately five minutes after she had taken defendant to a convenience store on her way to work, defendant was seen back in the vicinity of his grandmother's house; that defendant was later found under a bed in a friend's house in a room which contained a gun similar to the one taken from his grandmother's house and that the serial numbers had been sanded; that a search of defendant's pockets revealed a piece of sandpaper with dark color scrapings; and that subsequent efforts by the SBI to produce the serial numbers on the pistol produced a letter and a number in the same sequence as the serial numbers on his grandmother's gun.

State v. Callicutt

2. **Criminal Law § 138— Fair Sentencing Act—prior conviction as aggravating factor—inability to consider**

> Where the trial court found as one of the aggravating factors in defendant's sentencing hearing that the defendant had a prior conviction for a criminal offense punishable by more than 60 days' confinement, but where there was no evidence to determine whether defendant was indigent at the time of this prior conviction and if so, whether he was represented by counsel, the aggravating factor could not be considered.

> Chief Judge VAUGHN concurring in part and dissenting in part.

APPEAL by defendant from *Beaty, Judge.* Judgment entered 22 June 1982 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 14 March 1983.

Defendant was convicted of felonious breaking or entering and felonious larceny. From imposition of an active prison term, he appeals.

*Attorney General Edmisten, by Assistant Attorney General Daniel C. Oakley, for the State.*

*Charles H. Dorsett for defendant appellant.*

EAGLES, Judge.

Defendant's sole argument on appeal is that the trial judge erred in denying his motion for nonsuit at the close of all the evidence. He contends that the circumstantial evidence presented by the State was insufficient to prove that he committed the crimes for which he was on trial. We do not agree.

On a motion for nonsuit the test of the sufficiency of the evidence is the same whether the evidence is direct, circumstantial or both. *State v. McKinney,* 288 N.C. 113, 215 S.E. 2d 578 (1975).

> "When the motion . . . calls into question the sufficiency of circumstantial evidence, the question for the Court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty." (Citations omitted.) In passing on the motion, evidence favorable to the State is to be considered as a whole

in order to determine its sufficiency. This is especially true when the evidence is circumstantial since one bit of such evidence will rarely point to a defendant's guilt.

*State v. Powell,* 299 N.C. 95, 99, 261 S.E. 2d 114, 117-118 (1979). The evidence is considered in the light most favorable to the State, giving every reasonable intendment and inference to be drawn therefrom. *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679 (1967). It is not required that the evidence exclude every reasonable hypothesis of innocence before denying a motion for nonsuit. *State v. Powell, supra.*

[1] Applying these principles to the case before us, we find no error in the denial of defendant's motion for nonsuit. The evidence reveals that on the night before, the defendant spent the night at the home of his grandmother, Mrs. Esther Callicutt. The next morning Mrs. Callicutt twice found unlocked windows in her grandson's room. She relocked them and explained to him that she wanted them kept locked out of fear of thieves. She later took defendant to a Quick Check convenience market, located toward town, on her way to work. Approximately five minutes later, defendant was seen back in the vicinity of his grandmother's house. Upon returning from work, Mrs. Callicutt found that her house had been broken into and a .25 caliber pistol and some money had been stolen. Carl Maness, a pawn shop owner, testified that he had sold to Mrs. Callicutt a Targa automatic pistol, GT27, .25 caliber, serial number G74442. The day after the larceny, defendant was arrested at a friend's house by a police officer who found him under a bed in a room which contained a Targa .25 caliber automatic pistol. The serial numbers had been sanded or scraped off the pistol and a later search of defendant's pockets revealed a piece of sandpaper with dark color scrapings. Subsequent efforts by the SBI to reproduce the sanded-down serial numbers on the pistol produced a possible letter "G" followed by the number "7".

We hold that this circumstantial evidence is sufficient to raise a reasonable inference that defendant broke into his grandmother's house and stole her pistol which was recovered by the police. The defendant's motion for nonsuit was properly denied.

[2] Although there is no error in defendant's trial, we do find error in the sentencing procedure. Following a hearing pursuant to

State v. Callicutt

the Fair Sentencing Act, the court found as one of the aggravating factors that the defendant had a prior conviction for a criminal offense punishable by more than 60 days confinement. Since there is no evidence as to whether the defendant was indigent at the time of this prior conviction and if so, whether he was represented by counsel, this aggravating factor may not be considered. *See, State v. Thompson,* 60 N.C. App. 679, 300 S.E. 2d 29 (1983). Because of this error committed in the sentencing phase of defendant's trial, we remand this case for resentencing. *See, State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983).

No error in defendant's trial.

Remanded for resentencing.

Judge WEBB concurs.

Chief Judge VAUGHN concurs in part and dissents in part.

Chief Judge VAUGHN concurring in part and dissenting in part.

I concur in the majority opinion holding that the evidence was sufficient to take the case to the jury.

For the reasons stated in my dissent in *State v. Massey,* No. 8221SC938, filed 3 May 1983, I dissent from that part of the opinion remanding the case for resentencing. In addition to the reasons I set out in *Massey,* I must also observe that the question is not even before us in this case. As the majority correctly notes at the outset, the only question raised on appeal is the question of whether the judge erred in denying defendant's motion for nonsuit. Our scope of review in this case is confined to consideration of exceptions set out and made the basis of assignment of error in the record on appeal. Rule 10(a), Rules of Appellate Procedure.