STATE OF NORTH CAROLINA v. MACK LEO THOMPSON

No. 150PA83

(Filed 27 September 1983)

**Criminal Law § 138— Fair Sentencing Act—aggravating factors—prior convictions**

Pursuant to G.S. 15A-1340.4(e), the initial burden of raising the issue of indigency and lack of assistance of counsel on a prior conviction is on the defendant. If the defendant elects to challenge the admissibility of evidence of his prior convictions, he must do so by a method which informs the court of the specific reason for his objection; *i.e.*, that he was indigent and unrepresented by counsel at the time of the prior conviction or convictions. The defendant may challenge the evidence of prior convictions prior to trial by motion to suppress or he may challenge the evidence in the first instance at the time of the offer of proof by the State. The challenge may be in the form of objection, motion to strike, motion to suppress or other acceptable means.

BEFORE *Llewellyn, J.*, at the 7 April 1982 Session of Superior Court, LENOIR County, defendant was convicted of felonious breaking or entering and felonious larceny and sentenced to prison terms in excess of the presumptive. Defendant appealed. In a decision reported at 60 N.C. App. 679, 300 S.E. 2d 29 (1983), the Court of Appeals reversed and remanded the cases for re-sentencing. We granted the State's petition for discretionary review on 3 May 1983. Argued 12 September 1983.

Stated briefly, evidence at trial tended to show that on 2 December 1981 a burglar alarm sounded in a building housing equipment, motors and compressors. In response to the alarm, law enforcement officers arrived at the scene where they discovered a large hole torn in the tin covering the back of the building. Defendant and another man were found inside the building.

Defendant raised three assignments of error before the Court of Appeals all of which were addressed to the trial court's reliance on certain aggravating factors during sentencing. We agree with the holding of the Court of Appeals that defendant is entitled to a new sentencing hearing for error in considering in aggravation G.S. § 15A-1340.4(a)(1)c (that the offense was committed for hire or pecuniary gain) and G.S. § 15A-1340.4(a)(1)m (that the offense involved an attempted or actual taking of property of great monetary value or damage causing great monetary loss).

We do not agree, however, with the holding below that the trial court erred in finding that the defendant had been convicted of offenses punishable by more than sixty days' confinement. G.S. § 15A-1340.4(a)(1)o.

*Rufus L. Edmisten, Attorney General, by William N. Farrell, Associate Attorney General, for the State.*

*Nora B. Henry, Assistant Appellate Defender, Office of the Appellate Defender, Attorney for defendant-appellee.*

MEYER, Justice.

With respect to the State's contention that the trial judge properly considered in aggravation that the offense was committed for pecuniary gain, we find no evidence in this record that the defendant was hired or paid to commit the offense — evidence which we have recently held to be necessary to support a finding of this factor. *See State v. Abdullah,* 309 N.C. 63, 306 S.E. 2d 100 (1983). Nor do we agree that there is sufficient evidence on this record to support a finding of an attempted taking of property of great monetary value. The defendant apparently intended to take copper from the compressor wires. There was no evidence as to how much copper was available, its quality or its value. We add, however, that had the evidence been such to establish an attempted taking of property of great monetary value, the trial judge would not have been precluded from finding this factor in aggravation simply because defendant had been charged with larceny. The *additional* evidence necessary to prove a taking or attempted taking of property of *great* monetary value is not evidence necessary to prove an element of felonious larceny.[1]

---

1. We emphasize again that many of the statutory factors listed under G.S. § 15A-1340.4(a)(1) contemplate a duplication in proof without violating the proscription that "evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation." In *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983), we held that it was not error to consider in a felonious child abuse case that the two year old victim was very young. We pointed out in *State v. Blackwelder,* 309 N.C. 410, 306 S.E. 2d 783 (1983), that where proof of one injury is sufficient to sustain a conviction, multiple or excessively brutal injuries are relevant to the question of sentencing. In *State v. Abee,* 308 N.C. 379, 302 S.E. 2d 230 (1983), we held that where defendants pled guilty to only one act of fellatio, repeated acts of fellatio were properly considered as aggravating factors under G.S. § 15A-1340.4(a)(1).

By far the most significant issue raised by the State in this appeal involves the decision of the Court of Appeals respecting G.S. § 15A-1340.4(a)(1)o, which provides:

o. The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement. Such convictions include those occurring in North Carolina courts and courts of other states, the District of Columbia, and the United States, provided that any crime for which the defendant was convicted in a jurisdiction other than North Carolina would have been a crime if committed in this State. Such prior convictions do not include any crime that is joinable, under G.S. Chapter 15A, with the crime or crimes for which the defendant is currently being sentenced.

G.S. § 15A-1340.4(e) provides:

e. A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein. No prior conviction which occurred while the defendant was indigent may be considered in sentencing unless the defendant was represented by counsel or waived counsel with respect to that prior conviction. A defendant may make a motion to suppress evidence of a prior conviction pursuant to Article 53 of this Chapter. If the motion is made for the first time during the sentencing stage of the criminal action, either the State or the defendant is entitled to a continuance of the sentencing hearing.

On appeal to that court, defendant assigned as error the trial court's "finding that the defendant had been convicted of offenses punishable by more than sixty days' confinement when the State failed to introduce a certified copy of the defendant's record." After noting that the evidence of the prior convictions consisted of the defendant's own statements on cross-examination and a statement by the prosecuting attorney, the Court of Appeals

held that the methods of proof enumerated in G.S. § 15A-1340.4(e) are permissive, not mandatory. The Court of Appeals then added:

> Nevertheless, we do not believe there was sufficient proof of the prior convictions to constitute an aggravating factor. The method of proof of prior convictions is set forth in G.S. 15A-1340.4(e). That subsection also provides: 'No prior conviction which occurred while the defendant was indigent may be considered in sentencing unless the defendant was represented by counsel or waived counsel with respect to that prior conviction.' There is no evidence in the record as to the indigency of the defendant or his representation by counsel at the time of the prior convictions. The court could not have found by a preponderance of the evidence that the defendant was not indigent or that he had counsel or had waived  it at the time of his prior convictions. We believe this is a feature of the aggravating factor of prior convictions that has to be proved. We do not believe the burden should be on the defendant to prove he was indigent and did not have counsel or waive counsel. The statute provides for a presumptive sentence unless the aggravating factors outweigh the mitigating factors. The burden should be on the State to prove the aggravating factors if the presumptive sentence is not to be imposed.

60 N.C. App. at 684-85, 299 S.E. 2d at 32-33.

We agree with that portion of the Court of Appeals' opinion holding that the language of G.S. § 15A-1340.4(e) is permissive rather than mandatory respecting methods of proof. It provides that prior convictions "may" be proved by stipulation or by original certified copy of the court record, not that they *must* be. The statute does not preclude other methods of proof. *See State v. Brooks,* 61 N.C. App. 572, 301 S.E. 2d 421 (1983); *State v. Teague,* 60 N.C. App. 755, 300 S.E. 2d 7 (1983); *State v. Massey,* 59 N.C. App. 704, 298 S.E. 2d 63 (1983). *Accord State v. McDougall,* 308 N.C. 1, 301 S.E. 2d 308 (1983); *State v. Taylor,* 304 N.C. 249, 283 S.E. 2d 761 (1981) (reaching the same result under G.S. § 15A-2000(e)(3)). We hold that a defendant's own statements under oath constitute an acceptable alternate method of proof of a prior conviction. We also agree with the Court of Appeals that the prosecuting attorney's statement concerning a prior convic-

tion of larceny in Jones County constituted insufficient evidence to support a finding of that prior conviction—if, in fact, the trial judge so found.[2]

We do not agree with that portion of the decision of the Court of Appeals placing the burden on the State to initially raise and prove nonindigency and representation by counsel or waiver of counsel in order to support a finding that the defendant had a prior conviction or convictions. We hold that portion of the Court of Appeals' decision to be error requiring reversal.

We are cognizant of the fact that, with the exception of *State v. Massey*, 59 N.C. App. 704, 298 S.E. 2d 63, which suggests otherwise, the Court of Appeals has consistently found error in the trial court's failure to make a finding concerning whether defendant was indigent at the prior proceeding, and if so, whether he was represented by counsel, upon the ground that the burden is on the State to present evidence to support such a finding. *See State v. Callicutt*, 62 N.C. App. 296, 302 S.E. 2d 460 (1983); *State v. Massey*, 62 N.C. App. 66, 302 S.E. 2d 262 (1983); *State v. Green*, 62 N.C. App. 1, 301 S.E. 2d 920 (1983); *State v. Locklear*, 61 N.C. App. 594, 301 S.E. 2d 437, *disc. rev. denied*, 308 N.C. 679 (1983); *State v. Farmer*, 60 N.C. App. 779, 299 S.E. 2d 842 (1983).

The contentions of the parties are best summarized in *State v. Green*, 62 N.C. App. 1, 301 S.E. 2d 920. In that case Judge Whichard, writing for the majority, stated in a footnote that although the decision respecting the allocation of the burden of proof in this situation is more appropriately for the Legislature,[3] in the absence of a clear statement, the burden should be on the defendant. Judge Whichard first reasoned that nonindigency or representation by counsel were not intended to be "elements" of the aggravating factor of a prior conviction, placing the burden on

---

2. It would be helpful for purposes of appellate review for trial judges to note the conviction or convictions specifically relied upon under G.S. § 15A-1340.4(a)(1)o, particularly where the method of proof or the issue of representation by counsel is raised at the sentencing hearing.

3. The Legislature has, in fact, spoken to the issue. *See*, G.S. § 15A-980, An Act to Set Forth the Procedure to Suppress a Prior Conviction Obtained in Violation of the Right to Counsel, 1983 Session Laws, Chapter 513 (effective 1 October 1983). *See also* G.S. § 15A-1340.4(e), amended to delete from the fourth sentence the words "pursuant to Article 53 of this Chapter" and to substitute "pursuant to G.S. 15A-980." 1983 Session Laws, Chapter 513 (effective 1 October 1983).

the State to prove the absence of indigency or the presence of counsel as it would the other elements of any criminal offense. Rather, reasoned Judge Whichard, the Legislature

> intended merely to provide defendants with a means to resist a finding of prior convictions as an aggravating factor in appropriate cases.

> Twenty years after *Gideon*, cases in which a defendant was convicted while indigent and unrepresented should be the exception rather than the rule. A defendant generally will know, without research, whether this occurred. In my view it is not the preferable policy to put the State to the burden of producing records, at times from multiple counties or even multiple jurisdictions, to establish something which only rarely will enable a defendant to resist a finding of the prior convictions as an aggravating factor, and which, when it will, is generally within the defendant's knowledge without the necessity of research, possibly in a multiplicity of geographical areas.

62 N.C. App. at 6, 301 S.E. 2d at 923.

Not only is it preferable policy to require a defendant to object to or move to suppress the admission of evidence of a prior conviction in the sentencing stage of a criminal trial, such a requirement is consistent with our general procedural rules;[4] consistent with the language of G.S. § 15A-1340.4(e) that *a defendant* may make a motion to suppress; and not inconsistent with any constitutional right a defendant may have to prevent the use of a conviction obtained in violation of *Gideon v. Wainwright,* 372 U.S. 335, 9 L.Ed. 2d 799 (1963), to enhance punishment for another offense. *United States v. Tucker,* 404 U.S. 443, 30 L.Ed. 2d 592 (1972). A constitutional right may be waived, as can a substantive right or a procedural right. *State v. McDowell,* 301 N.C. 279, 271 S.E. 2d 286 (1980). Where a defendant stands silent and, without objection or motion, allows the introduction of evidence of a prior conviction, he deprives the trial division of the opportunity to pass on the constitutional question and is properly precluded from raising the issue on appeal. We find the language in *McDowell* particularly appropriate on this issue. In *McDowell* defendant con-

---

4. *See e.g.* G.S. § 15A-971 *et seq.* referred to in G.S. § 15A-1340.4(e).

tended that he was denied his statutory right to make an opening statement. We answered as follows:

> The record before us in the present case is completely silent with respect to any mention by either the trial court or defense counsel concerning an opening statement. It is well established that a defendant may waive the benefit of statutory or constitutional provisions by express consent, failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it. *State v. Gaiten,* 277 N.C. 236, 176 S.E. 2d 778 (1970). It follows that in order for an appellant to assert a constitutional or statutory right on appeal, the right must have been asserted and the issue raised before the trial court. *State v. Parks,* 290 N.C. 748, 228 S.E. 2d 248 (1976). In addition, it must affirmatively appear on the record that the issue was passed upon by the trial court. *City of Durham v. Manson,* 285 N.C. 741, 208 S.E. 2d 662 (1974); *State v. Braswell,* 283 N.C. 332, 196 S.E. 2d 185 (1973). By his failure to request the opportunity to make an opening statement, defendant engaged in conduct inconsistent with a purpose to insist upon the exercise of a statutory right. Therefore, his conduct at trial amounts to a waiver of this procedural right.

*Id.* at 291, 271 S.E. 2d at 294.

As Judge Braswell aptly stated in his dissenting opinion in *Green,* "[t]he record is 'silent' only because the defendant voluntarily chose for it to be 'silent.'" 62 N.C. App. at 10, 301 S.E. 2d at 925.

We therefore hold that pursuant to G.S. § 15A-1340.4(e), the initial burden of raising the issue of indigency and lack of assistance of counsel on a prior conviction is on the defendant. If the defendant elects to challenge the admissibility of evidence of his prior convictions, he must do so by a method which informs the court of the specific reason for his objection; *i.e.* that he was indigent and unrepresented by counsel at the time of the prior conviction or convictions. A mere objection to the evidence alone will not be sufficient. The defendant may challenge the evidence of prior convictions prior to trial by motion to suppress or he may challenge the evidence in the first instance at the time of the offer of proof by the State. The challenge may be in the form of objection, motion to strike, motion to suppress or other acceptable

means. The onus is on the defendant to inform the court that he is prepared on voir dire to offer proof that he was indigent and unrepresented by counsel at the time of the prior convictions.

If defendant challenges the evidence by motion to suppress, the proceedings on the motion are governed by Article 53 of Chapter 15A of the General Statutes. When the challenge is made otherwise than by a motion to suppress, the defendant has the burden of going forward with the evidence of his indigency and lack of representation, or waiver thereof, on his prior convictions. If the defendant establishes a prima facie showing, the burden shifts to the State to prove by a preponderance of the evidence that the challenged evidence is admissible. *See State v. Cheek,* 307 N.C. 552, 299 S.E. 2d 633 (1983); *State v. Breeden,* 306 N.C. 533, 293 S.E. 2d 788 (1982).

For error in findings on two aggravating factors, defendant is entitled to a new sentencing hearing. *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689. The case is remanded to the Court of Appeals for further remand to the Superior Court, Lenoir County, for resentencing.

Modified and affirmed.