STATE OF NORTH CAROLINA v. BUDDY FARRELL CALLICUTT

No. 322A83

(Filed 3 November 1983)

**Criminal Law § 138— Fair Sentencing Act—aggravating factors—prior convictions**

The State does not have the burden "to raise and prove nonindigency and representation by counsel or waiver of counsel in order to support a finding that the defendant had a prior conviction or convictions," and the Court of Appeals erred in finding that the State did have to so prove to support an aggravating factor that defendant had a prior conviction for a criminal offense punishable by more than 60 days' confinement.

APPEAL by the State pursuant to N.C. Gen. Stat. § 7A-30(2) from the decision of the Court of Appeals (*Judges Eagles* and *Webb* concurring, *Chief Judge Vaughn* concurring in part and dissenting in part), reported in 62 N.C. App. 296, 302 S.E. 2d 460 (1983). The Court of Appeals found no error in defendant's trial with *Judge Beaty* presiding at the 22 June 1982 Session of MONT-GOMERY Superior Court, but remanded for resentencing.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Daniel C. Oakley, for the State-appellant.*

*Charles H. Dorsett for defendant-appellee.*

PER CURIAM.

The Court of Appeals determined that the trial court erred in the sentencing phase of the defendant's trial and remanded for resentencing. Following a hearing pursuant to the Fair Sentencing Act, the trial court found as one of the aggravating factors that the defendant had a prior conviction for a criminal offense punishable by more than sixty days confinement. The Court of Appeals held that this aggravating factor may not be considered until the State presents evidence as to whether the defendant was indigent at the time of this prior conviction and if so, whether he was represented by counsel.

This holding is erroneous in light of our decision in *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). There we held that the State does not have the burden "to raise and prove nonindigency and representation by counsel or waiver of counsel in order to support a finding that the defendant had a prior conviction or convictions."

The decision of the Court of Appeals is reversed and the case is remanded to that court with instructions that it enter an order affirming the order of the trial court.

Reversed and remanded.