State v. Abdullah

STATE OF NORTH CAROLINA v. AMEEN KAREEM ABDULLAH

No. 8326SC436

(Filed 17 January 1984)

1. **Criminal Law § 66.3— denial of defendant's motion for a lineup to test the identifications made by witnesses—no error**

    There was no error in the trial court's denial of defendant's motion for a lineup to test the identification made of him by the State's witnesses where defendant's identification did not depend upon just the victim's testimony at trial but where defendant was identified by many people who saw him at the scene of the robbery, during a chase immediately after the robbery, and upon his removal from a dumpster where he hid from the people chasing him. G.S. 15A-281.

2. **Criminal Law § 138— aggravating factor of prior convictions—properly considered**

    The trial court properly considered defendant's prior convictions which were punishable by more than 60 days as a factor in aggravation, and the court did not err in questioning defendant as to whether he had been represented by counsel in each of those cases. G.S. 15A-1340.4(e).

APPEAL by defendant from *Sitton, Judge.* Judgment entered 2 September 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 December 1983.

Defendant was convicted of armed robbery. The State's evidence tended to show that: When Patricia Luther went to her car in her employer's parking lot at dusk on December 4, 1981, she was approached by defendant, who stuck a small caliber pistol in her side, obtained her car keys and pocketbook, and undertook to drive her car away, but was prevented from doing so by a fellow employee of Ms. Luther, who placed her car in his path and

attracted several other employees and passers-by to the scene by hollering and sounding the horn of her car; defendant then fled the parking lot on foot hotly pursued by several people who trailed him a block and a half to a dumpster in which he hid; his captors kept him in the dumpster until the police arrived a few minutes later and also found a gun in the dumpster that was like the one used in the robbery; upon being removed from the dumpster defendant was identified by the victim and several of those who helped catch him; and the same persons identified defendant at the probable cause hearing about three weeks later and at trial. Defendant presented no evidence.

On the eve of trial, approximately nine months after his arrest, defendant filed a motion for a pre-trial lineup procedure pursuant to G.S. 15A-281, which was denied by the judge.

In the sentencing hearing the judge found as an aggravating factor that defendant had previously been convicted of offenses punishable by confinement in excess of sixty days, found no mitigating factors, and sentenced him to forty years in prison, whereas the presumptive sentence for armed robbery under G.S. 14-87 is fourteen years.

*Attorney General Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Assistant Public Defender Grant Smithson for defendant appellant.*

PHILLIPS, Judge.

The defendant contends that the trial court erred, first, in denying his motion for a lineup to test the identifications made of him by the State's witnesses, and, second, in exceeding the presumptive sentence for the crime involved. In our opinion neither act by the court was erroneous.

[1]  G.S. 15A-281 provides:

A person arrested for or charged with an offense punishable by imprisonment for more than one year may request that nontestimonial identification procedures be conducted upon himself. If it appears that the results of specific nontestimonial identification procedures will be of material aid in

determining whether the defendant committed the offense, the judge to whom the request was directed must order the State to conduct the identification procedures.

In denying defendant's motion the court concluded that defendant had failed to show that a lineup would materially aid the jury in determining whether defendant committed the offense involved. There is nothing in the record to indicate that the judge should have concluded to the contrary. Defendant's identification did not depend upon just the victim's testimony at trial, as is so often the case; immediately after the crime he was identified by a host of people who saw him at the scene of the robbery, during the chase, and upon his removal from the dumpster. These same people, while they were chasing him, saw defendant throw away the stolen pocketbook and a distinctive jacket that he was wearing, and after defendant was removed from the dumpster they helped find the robbery weapon in the refuse. The possibility that the witnesses had confused defendant with someone else was too slight to measure, and the court's conclusion that a lineup would not materially aid the jury in determining the case was clearly correct. Our decision is in accord with *State v. Yancey*, 58 N.C. App. 52, 293 S.E. 2d 298 (1982), where it was ruled that a lineup was not required since there was substantial identification evidence, apart from the victim's ability to identify defendant at trial. The other evidence identifying this defendant as the criminal was also quite substantial.

[2] In pertinent part G.S. 15A-1340.4(e) states that: "No prior conviction which occurred while the defendant was indigent may be considered in sentencing unless the defendant was represented by counsel or waived counsel with respect to that prior conviction." In the sentencing hearing the State presented proof that defendant had been convicted of three crimes that were punishable by more than sixty days confinement, but did not show that defendant either was represented by or waived counsel on those occasions. The court then asked defendant whether he was represented by counsel in each of those cases and defendant answered that he was. Defendant cites the court's questioning of him as error. This contention is based upon the premise that the above statute requires the State to prove a defendant was not indigent or was represented by or waived counsel before a prior conviction can be taken into account in the Fair Sentencing proc-

ess. If our Supreme Court had not decided *State v. Thompson,* 309 N.C. 421, 307 S.E. 2d 156 (1983), defendant's point would be well taken. Before that case was decided different panels of this Court ruled on several occasions that the statute does require the State to show that a prior conviction was properly obtained before it can be considered in the sentencing process. *See State v. Callicutt,* 62 N.C. App. 296, 302 S.E. 2d 460 (1983); *State v. Green,* 62 N.C. App. 1, 301 S.E. 2d 920 (1983); *State v. Locklear,* 61 N.C. App. 594, 301 S.E. 2d 437, *rev. denied,* 308 N.C. 679, 304 S.E. 2d 759 (1983); *State v. Thompson,* 60 N.C. App. 679, 300 S.E. 2d 29 (1983); *State v. Farmer,* 60 N.C. App. 779, 299 S.E. 2d 842 (1983). But upon the Supreme Court reviewing the Court of Appeals decision in *Thompson,* it was held that the State is only required to prove a prior conviction and that it was punishable by more than sixty days confinement and that it is up to the defendant to show that some statutory ground exists for disregarding the conviction. This view is not only authoritative, it is perhaps also more sound, since court judgments have been presumed to be correct since time immemorial and those contending to the contrary have been obliged to prove it.

Since defendant's convictions were duly proven and thus supported the factor in aggravation found by the court, even if the court had erred in questioning defendant about the convictions, the error would have been harmless. But the court did not err. The record makes plain that the questions were not asked for the purpose of augmenting the State's proof, but were asked in a good faith effort to ascertain if any reason existed to disregard the convictions.

No error.

Judges ARNOLD and JOHNSON concur.