STATE OF NORTH CAROLINA v. PRINCE PARTRIDGE

No. 834SC520

(Filed 7 February 1984)

**1. Criminal Law § 34.4— admissibility of evidence of another offense**

In a prosecution for kidnapping, testimony by the prosecutrix that defend-
ant told her that if she left she would end up like his "last white girl" who was
found dead in the woods at Camp Lejeune was competent to prove that de-
fendant maintained dominion over the prosecutrix by putting her in fear for
her life, notwithstanding the testimony tended to show that defendant had
committed another crime.

**2. Indictment and Warrant § 17.2— instructions—time not of essence**

The trial court in a kidnapping prosecution did not err in charging the
jury that time was not of the essence in the case where an alibi, the statute of
limitations, or some other defense predicated on time was not involved.

**3. Kidnapping § 1.3— instructions on actions of defendant in disjunctive**

The trial court in a kidnapping case did not err in instructing the jury in
the disjunctive concerning defendant's actions toward the victim over a three-
day period rather than instructing that in order to convict defendant the jury
would have to find that he did all the intimidating acts and made all the
threatening remarks referred to. G.S. 14-39.

**4. Criminal Law § 138— improper aggravating factors in sentencing**

The trial court erred in finding as aggravating factors in sentencing that
defendant had "knowingly devoted himself to criminal activity" and that the
sentence imposed was "necessary to deter others from committing the same
crime."

APPEAL by defendant from *Brown, Judge.* Judgment entered
16 December 1982 in Superior Court, ONSLOW County. Heard in
the Court of Appeals 8 December 1983.

Defendant was convicted of kidnapping. The State's evidence
tended to show that: In late January of 1982, Donna Lippard
traveled to Jacksonville, North Carolina to be with her boy
friend, but decided to leave town by bus when she learned that he
was married. While at the bus station, defendant initiated a con-

versation with her, displayed a large roll of money, asked if she would be interested in making some, and she went with him to his apartment, where they spent the night talking, drinking and taking drugs. During that time defendant introduced her to his two female companions — Cleo and Diamond — and suggested that she work for him as a prostitute, as they did. For the next two days she was forcibly injected with drugs, which kept her "high all the time." Thereafter she went on the streets as a prostitute, turned the money collected over to defendant, and several times when the amount of money given to defendant was less than he claimed she had received, he beat and kicked her. On several occasions she expressed a desire to leave, but each time defendant told her that if she left she would "end up" like his "last white girl," who was found dead in the woods at Camp Lejeune. On January 29, 1982, trying to escape, she slipped away, went to the bus station, bought a ticket, and was waiting for her bus when defendant, armed with a pistol, forced her to return to the apartment. A week or so later, trying again to escape, she went to Farmington, North Carolina, but defendant found her there and forced her to return with him to Jacksonville.

Defendant, in testifying, admitted the three women were prostitutes and he received money from them, but claimed the money was given voluntarily. He denied forcing the prosecuting witness to stay with him initially or to return from either the bus station or Farmington. He also denied beating or otherwise mistreating her.

*Attorney General Edmisten, by Associate Attorney General Sueanna P. Peeler, for the State.*

*Popkin and Coxe, by Samuel S. Popkin, for defendant appellant.*

PHILLIPS, Judge.

None of the defendant's many assignments of error relating to his conviction have merit or requires more than passing discussion, and some require no discussion.

[1] The defendant's most earnest contention is that the victim's testimony that defendant told her that if she tried to escape from his control she would end up like "the last white girl" did was in-

admissible because it tended to show only that he had committed murder and thus was a bad man. The defendant misperceives the impact and effect of the testimony objected to. Not only was the testimony relevant to some essential fact that was in issue, it tended to prove the very heart of the State's case—that defendant maintained dominion over the witness by putting her in fear for her life—and was thus properly received into evidence, notwithstanding its devastating impact. 1 Brandis N.C. Evidence § 92 (2d ed. 1982).

[2]   Another contention is that the court erred in charging the jury that time was not of the essence in this case, the prosecuting witness having contradicted herself as to whether the Jacksonville bus station incident occurred on January 29th, 1982, the date given in the indictment, or on January 22nd, 1982 or January 30th, 1982. The instruction was correct, however, since the rule generally in criminal cases is that time is not of the essence except where an alibi, the statute of limitations, or some other defense predicated on time is involved. *State v. Bailey*, 49 N.C. App. 377, 271 S.E. 2d 752 (1980), *rev. denied*, 301 N.C. 723, 276 S.E. 2d 288 (1981).

[3]   Defendant also cites the following part of the charge as error:

> And, so, I charge that if you find from the evidence, and beyond a reasonable doubt, that on or about January 29, 1982, the defendant unlawfully held Donna Lippard at Circle Drive apartments and not allowing her to leave for three days; or that he beat her all over the body and threatened her and had her watched so as to prevent her from leaving Circle Drive apartments; or that he carried Donna Lippard from the bus station to the Circle Drive apartments and that Donna Lippard did not consent, and that this was for the purpose of terrorizing Donna Lippard by beating her and not allowing her to leave, then it would be your duty to return a verdict of guilty as charged.

The contention is that his activities over the three-day period were not separable, and that instead of instructing the jury in the disjunctive, the court should have told the jury that to convict him it would be necessary to find that he did all the intimidating acts and made all the threatening remarks referred to. But the

court was just following the statute that defendant was being tried under, G.S. 14-39, which provides, in part, as follows:

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
>
> . . . .
>
> (3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person.

Thus, in order to convict, the jury did not have to find that defendant unlawfully confined, restrained, *and* removed the witness, but only that he unlawfully did any of those things *either* for the purpose of terrorizing or doing serious bodily harm to her.

[4] But the defendant's contention that error was committed in the sentencing process is well taken. The presumptive sentence for the Class E felony that defendant was convicted of is nine years. G.S. 15A-1340.4(f)(3). The thirty year maximum sentence that was imposed was based on three aggravating factors, only one of which was properly found and authorized by the Fair Sentencing Act. The evidence showed and it was properly found that defendant had prior convictions punishable by confinement of sixty days or more. That the State failed to prove that defendant was not indigent or was represented by or waived counsel when those convictions occurred is immaterial, since under *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983), it was up to the defendant to show that the proven or admitted convictions were improperly obtained within contemplation of the Act, and defendant attempted no such showing.

The first factor in aggravation that the court improperly found was that defendant had "knowingly devoted himself to criminal activity." This finding is patently ambiguous, and what the court meant by it, we do not know. If it was meant that defendant knowingly committed the crime he was convicted of, the finding is banned by G.S. 15A-1340.4, since "[e]vidence necessary to prove an element of the offense may not be used to prove any

factor in aggravation." If it was meant that defendant knowingly committed the other crimes that are the basis for the first finding, it is banned by the same statute, which also provides "and the same item of evidence may not be used to prove more than one factor in aggravation." If, however, it was meant that defendant had *habitually* devoted himself to criminal activity over a long period of time—which was shown by evidence that for several years he had not been lawfully employed and had lived off of money received from gambling and prostitutes—that is not what the finding states, and it cannot be so construed. Whether in addition to a prior conviction factor, G.S. 15A-1340.4 also authorizes under appropriate circumstances finding a factor in aggravation that a defendant regularly and habitually led a life of crime, it is not necessary to say, since such a finding is not before us.

The other finding in aggravation improperly found was that the sentence imposed was "necessary to deter others from committing the same crime." As has been ruled in several cases, since deterrence, a basic purpose of all sentencing, was necessarily considered by the Legislature in establishing presumptive sentences for the various crimes, it cannot also be the basis for trial judges exceeding the presumptive terms. *See State v. Chatman*, 308 N.C. 169, 301 S.E. 2d 71 (1983) and cases therein cited.

Because of the aggravating factors erroneously found, the resentencing process must be repeated as required by *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

Thus, in the defendant's trial there is no error and this matter is remanded to the Superior Court for resentencing.

No error in trial; remanded for resentencing.

Judges ARNOLD and JOHNSON concur.