STATE OF NORTH CAROLINA v. ERNEST LEE MORGAN

No. 8611SC363

(Filed 2 September 1986)

1. **Criminal Law § 66.16— pretrial photographic identification—no objection or request for voir dire—properly admitted**

There was no error in a prosecution for armed robbery in the admission of a photographic lineup or the admission of a detective's testimony regarding the lineup where the victim identified defendant without objection and where there was no request for a *voir dire* of the witness to probe the basis for the identification. Moreover, the identification procedure was properly conducted and was not impermissibly suggestive.

2. **Criminal Law § 138.28— aggravating factor—prior convictions—properly shown**

The trial court did not err by sentencing defendant to a term in excess of the presumptive based upon a prior conviction where the State offered an F.B.I. fingerprint specialist who testified that the prints on the fingerprint cards of defendant and Carlton Eugene Holley were made by the same individual and then offered evidence that Carlton Eugene Holley had a criminal

record in Virginia. N.C.G.S. § 15A-1340.4(e) is permissive and does not preclude other methods of proof.

APPEAL by defendant from *Clark (Giles R.), Judge.* Judgment entered 4 November 1985 in Superior Court, LEE County. Heard in the Court of Appeals 25 August 1986.

Defendant was charged in a proper bill of indictment with robbery with a firearm. At trial before Judge Pope the State offered evidence which tended to show the following facts. During the early morning hours of 12 January 1985, Ricky Wicker was working at the Country Cupboard Inc., No. 5 in Sanford, North Carolina. While he was working he was robbed by a "black male with a big gun." This robber was later identified as the defendant. During the course of the robbery, defendant took over $600.00 from the store. Wicker identified defendant in the courtroom. The courtroom identification was admitted without objection.

The State also offered testimony from Ruth Freeman that on the evening of 11 January 1986 defendant told her that he was going to rob something and that he then left the house in her daughter's car. A Sanford police detective testified that during his investigation he presented Wicker with a photographic lineup. Wicker picked the defendant from this lineup.

The defendant did not offer any evidence on his own behalf. The jury found defendant guilty. Following the verdict, the State requested that prayer for judgment be continued until the next term. Prayer for judgment was continued.

On 4 November 1985, a sentencing hearing was conducted before Judge Clark. At the sentencing hearing the State offered evidence that defendant had a criminal record in the Commonwealth of Virginia under the name Carlton Eugene Holley. At the close of the hearing, the court found as a factor in aggravation that the defendant had a prior conviction of a criminal offense punishable by more than 60 days confinement. No mitigating factors were found. From a judgment sentencing him to a term of thirty-five (35) years imprisonment, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*F. Jefferson Ward, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] The first issue presented for review is whether the court erred in allowing the State to introduce into evidence State's Exhibit 1, a photographic lineup, and by allowing Detective Gray to answer questions regarding the lineup. By these assignments of error, it appears that defendant is attempting to attack the victim's in-court identification of him by showing that the photographic lineup was impermissibly suggestive. An examination of the record reveals that Wicker identified the defendant as his assailant without any objection by defendant. Furthermore, there was no request for a *voir dire* of the witness to probe into the basis for this identification. By allowing the identification evidence to be admitted without objection, defendant has waived his right to later contest the procedure whereby Wicker identified the defendant. 1 *Brandis on North Carolina Evidence*, § 30 (1982). Nevertheless, we have reviewed the identification procedure and find that it was properly conducted and was not impermissibly suggestive.

[2] Defendant also contends the court erred by allowing the State to offer evidence at his sentencing hearing that the defendant had a criminal record in another jurisdiction under an alias, Carlton Eugene Holley. At the sentencing hearing the State offered evidence from an expert witness, an F.B.I. fingerprint specialist, that defendant's fingerprints matched the fingerprints of Carlton Eugene Holley. In fact the expert testified that the prints on the fingerprint cards of Morgan and Holley were "made by one and the same individual." The State then offered evidence that Carlton Eugene Holley had a criminal record in the Commonwealth of Virginia. The records showed that defendant had been convicted of criminal offenses punishable by more than 60 days confinement.

G.S. 15A-1340.4(e) provides:

A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record

of a prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein. No prior conviction which occurred while the defendant was indigent may be considered in sentencing unless the defendant was represented by counsel or waived counsel with respect to that prior conviction. A defendant may make a motion to suppress evidence of a prior conviction pursuant to G.S. 15A-980. If the motion is made for the first time during the sentencing stage of the criminal action, either the State or the defendant is entitled to a continuance of the sentencing hearing.

This language regarding the means of proving a prior conviction is permissive. The statute does not preclude other methods of proof. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983).

We hold that the method used by the State in this matter was appropriate. Thus, we find the court did not err in sentencing defendant to a term in excess of the presumptive term based upon a prior conviction.

No error.

Chief Judge HEDRICK and Judge WEBB concur.