STATE OF NORTH CAROLINA v. JAMES BRYANT GRAVES

No. 8619SC313

(Filed 21 October 1986)

**1. Arson § 4.1— burning of horse barn—defendant as perpetrator—sufficiency of evidence**

In a prosecution of defendant for burning a horse barn and burning personal property, evidence was sufficient to be submitted to the jury where it tended to show that plaintiff had a grudge against the victim and said he was planning to burn the victim's "work shop"; a few days before the fire defendant offered a friend $200 to "burn something," then later changed his mind and said he'd do it himself; on the morning of the fire defendant placed in a car a milk jug full of green liquid which looked like chain saw oil and a bag of newspapers; defendant and two friends drove to the barn and stopped, and defendant got out with the jug and newspapers; the two friends drove away and returned a few minutes later; defendant got back in the car without the jug and newspapers and smelled of varnish or some chemical; and defendant stated several times that he had burned the barn.

**2. Criminal Law § 138.28— prior offenses—proof by defendant's testimony—consideration as aggravating factor proper**

Defendant's testimony under oath that he had been convicted of driving while his license was revoked and reckless driving constituted an acceptable method of proof of a prior conviction of an offense punishable by more than 60 days' confinement, and the trial court therefore did not err in considering defendant's prior convictions as aggravating factors.

**3. Criminal Law § 138.14— offenses consolidated for judgment—consideration of aggravating and mitigating factors**

In cases where offenses are not consolidated for judgment where the sentencing judge is required to make findings in aggravation and mitigation to support a sentence which varies from the presumptive term, each offense, whether consolidated for hearing or not, must be treated separately in determining which aggravating or mitigating factors pertain to which offense; however, if the offenses are consolidated also for judgment, this separate treatment is not necessary.

APPEAL by defendant from *Davis, Judge.* Judgment entered 31 October 1985 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 22 September 1986.

Defendant was charged in proper bills of indictment with burning a horse barn, in violation of G.S. 14-62, and of burning personal property, in violation of G.S. 14-66. He was tried and found guilty as charged. The two cases were consolidated for pur-

poses of judgment. From a judgment imposing a prison sentence of twenty years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robert R. Reilly, for the State.*

*Bell and Browne, P.A., by Charles T. Browne, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant first contends that the trial court erred to his prejudice in "interrupting" defense counsel during his examination of witnesses. Defendant argues that, in twice sustaining its own objections to questions, and once telling a witness, "Just answer the question," the trial court "appeared partial."

The conduct of a trial is left to the sound discretion of the trial judge, and will not be disturbed on appeal absent abuse of discretion. *Marcoin, Inc. v. McDaniel,* 70 N.C. App. 498, 320 S.E. 2d 892 (1984), *disc. rev. denied,* 312 N.C. 797, 325 S.E. 2d 631 (1985). Examination of the record reveals that each of the judge's actions to which defendant assigns error was calculated to prevent waste of time, and none demonstrated any partiality. The trial judge did not abuse his discretion here.

Defendant next contends that the trial court committed prejudicial error in sustaining the State's objection to a question defense counsel asked David Lackey, a witness for the State, on cross-examination. Defense counsel asked Mr. Lackey, who owned some personal property destroyed in the fire, "Have you ever frequented any gambling establishments in that area?" On voir dire, Mr. Lackey answered, "No." Defendant contends that the question was relevant to show that Mr. Lackey had gambling debts, and thus had a motive to start the fire defendant was accused of starting, namely insurance money. Since Mr. Lackey answered in the negative on voir dire, any error in sustaining the State's objection to the question cannot be prejudicial.

Defendant next contends that the trial court erred to his prejudice in sustaining the State's objection to a question defense counsel asked Charles Kelly, a witness for the State, on cross-examination. Mr. Kelly mentioned that he had turned himself in to the police. Defense counsel asked:

Q: And what were you turning yourself in for?

A: A bunch of stuff.

Q: What, for example?

A: If I was to tell you that, I would be incriminating myself.

STATE: Objection.

COURT: Sustained.

Defense counsel argues that this information is relevant to impeach Mr. Kelly.

The names of the crimes for which Mr. Kelly turned himself in were all the court kept out by sustaining the State's objection. Mr. Kelly had already admitted that he had turned himself in for "[a] bunch of stuff," so it was clear to the jury that he had committed some crimes. Furthermore, defense counsel had earlier impeached Mr. Kelly by asking him in detail whether he had committed eight specific crimes. Therefore, we find that any error by the trial court in failing to require that Mr. Kelly name the crimes for which he turned himself in cannot possibly be prejudicial.

Defendant next contends that the trial court erred to his prejudice in sustaining the State's objection to defendant's testimony regarding the use of drugs by Charles Kelly and Harvey Boone, witnesses for the State. Defendant argues that this testimony is relevant to impeach the testimony of these witnesses by showing that their ability to observe events was impaired.

The testimony that was objected to referred to drug use by Mr. Kelly on the Saturday morning before the fire, and by Mr. Boone on that Saturday night. However, all of the crucial testimony of these two witnesses refers to events occurring on Friday night, Sunday night, Monday morning, or afterwards. The testimony objected to did not show any drug use at any of those times. Therefore, any error by the trial court in sustaining objections to this testimony cannot possibly be prejudicial.

Defendant next contends that the trial court committed prejudicial error in overruling defense counsel's objection to a ques-

tion the prosecutor asked defendant on cross-examination. The prosecutor asked defendant, "You have been over this case with [defense counsel] Mr. Browne, haven't you?" Defense counsel objected on the ground that the question was in violation of the attorney-client privilege. The court overruled the objection. However, defendant never answered the question, and the prosecutor did not ask it again, so any error the court committed in overruling the objection was not prejudicial.

[1] Defendant next contends that the trial court erred to his prejudice in failing to grant defendant's motions to dismiss at the close of the State's evidence and at the close of all evidence, and in denying defendant's motion for appropriate relief. Defendant argues in support of these assignments of error that there was insufficient evidence of defendant's guilt to present to the jury, or to sustain a verdict of guilty.

Between the testimony of Harvey Boone, Jr., and Charles Kelly, the following evidence was presented:

Defendant had had a grudge against Mr. Lackey and said he was planning to burn Mr. Lackey's "work shop" when he and Mr. Kelly went to take Mr. Boone to Fort Bragg. On the Sunday night before the fire, defendant had offered Mr. Kelly two hundred dollars to "burn something," then later said, "I don't want no mistakes. I'll do it myself."

On the morning of the fire, defendant placed in the car a milk jug full of green liquid that looked like chain saw oil, and a bag of newspapers. Defendant, Mr. Boone and Mr. Kelly drove to the barn, stopped there, and defendant got out of the car with the jug and newspapers. Mr. Boone and Mr. Kelly drove away and returned a few minutes later. Defendant got back in the car, without the jug and newspapers, and smelling of varnish or "some kind of chemical." When he got in the car, defendant said, "It's lit, let's go." They drove away, then drove by the barn again, whereupon defendant said "I see smoke." They drove away again, and later stopped once to let defendant get rid of his jacket, which smelled of chemicals, and again to let defendant clean the smell off of his body. On the way back from Ft. Bragg, after dropping Mr. Boone off there, defendant and Mr. Kelly drove by the barn, and defendant said, "I burnt it to the ground." A few days later

defendant, talking about the burning, said "He didn't do it. I done it."

To sustain a conviction, there must be sufficient evidence to provide a reasonable basis for the jury to find that (1) the crime charged was in fact committed, (2) by the person charged. *State v. Conrad*, 293 N.C. 735, 239 S.E. 2d 260 (1977). We hold that the evidence in the present case clearly meets this standard.

[2] Defendant next contends that the trial court erred to his prejudice in considering defendant's prior convictions as aggravating factors. Defendant claims that the State did not prove that defendant had previously been convicted of an offense punishable by more than sixty days' confinement, which is required by G.S. 15A-1340.4 in order to use a prior conviction as an aggravating factor.

A defendant's own statements under oath constitute an acceptable method of proof of a prior conviction. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). In the present case, defendant testified that he had been convicted of driving while his license was revoked, a violation of G.S. 20-28, and reckless driving, a violation of G.S. 20-140. Both offenses are punishable by more than sixty days' confinement as evident from the face of the statutes.

[3] Finally, defendant contends that the trial court committed prejudicial error in failing to make separate findings of aggravation and mitigation as to each of the two offenses. In cases where offenses are not consolidated for judgment, where the sentencing judge is required to make findings in aggravation and mitigation to support a sentence which varies from the presumptive term, each offense, whether consolidated for hearing or not, must be treated separately in determining which aggravating or mitigating factors pertain to which offenses. However, if, as in the present case, the offenses are consolidated also for judgment, this separate treatment is not necessary. *State v. Miller*, 316 N.C. 273, 341 S.E. 2d 531 (1986).

We hold that defendant had a fair trial, free from prejudicial error.

No error.

Judges ARNOLD and ORR concur.