State v. Cogdell

STATE OF NORTH CAROLINA v. ELLIS A. COGDELL

No. 8412SC742

(Filed 21 May 1985)

1. **Assault and Battery § 14.3; Robbery § 4.3— identification at trial—sufficient evidence of armed robbery and assault**

    A robbery and assault victim properly and positively identified defendant at trial as one of the three persons who robbed and assaulted him, and the trial court did not err in denying defendant's motion to dismiss charges of armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury.

2. **Criminal Law § 99.7— uncooperative prosecuting witness—informing of possibility of contempt**

    When the prosecuting witness indicated that he would not testify, the trial court did not err in informing him that the alternative was to be jailed for contempt.

3. **Criminal Law § 99.9— defendant's decision not to testify—questions by trial court**

    The trial court did not err in asking defendant questions out of the jury's presence concerning his decision not to testify.

4. **Constitutional Law § 48; Criminal Law §§ 99.8, 112.1— reasonable doubt instruction—court's calling of witnesses during sentencing—absence of objection —no ineffective assistance of counsel**

    The trial court did not err in instructing the jury that a reasonable doubt is not a "doubt suggested by the ingenuity of counsel" and did not assume a prosecutorial role by calling two witnesses during the sentencing hearing. Therefore, defense counsel's failure to object to such actions by the trial court did not constitute ineffective assistance of counsel.

5. **Constitutional Law § 48— stipulation—failure to object to instruction—no ineffective assistance of counsel**

    Defendant was not denied the effective assistance of counsel because his attorney stipulated that a bullet wound inflicted serious injury or because his attorney failed to object to the instruction that "he who hunts with the pack is responsible for the kill."

6. **Criminal Law § 138— victim's youth as improper aggravating factor**

    The trial court erred in finding that the age of the seventeen-year-old victim was an aggravating factor in sentencing defendant for armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury since the victim was not so extremely young as to make his age reasonably related to the purposes of sentencing.

7. **Criminal Law § 138— consolidated sentence—aggravating factors unnecessary**

    Under case law interpreting the pre-1983 version of G.S. 15A-1340.4(b), the trial court was not required to find any aggravating factors where defend-

ant received a consolidated twenty-year sentence for both offenses of armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury, and the presumptive sentence was fourteen years for the armed robbery and six years for the assault.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 26 October 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 6 March 1985.

*Attorney General Rufus Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*Beaver, Holt & Richardson, P.A., by H. Gerald Beaver, for defendant appellant.*

BECTON, Judge.

On 26 October 1982, the defendant, Ellis A. Cogdell, was convicted of robbery with a dangerous weapon and assault with a deadly weapon with intent to kill inflicting serious injury. The trial court consolidated the charges for judgment and sentenced the defendant to an active sentence of twenty years in prison. Defendant was also required to pay $1,500 in attorney's fees and $5,000 restitution. Defendant presents the following questions on appeal:

1. Did the trial court err in denying defendant's motion to dismiss made at the end of the evidence?

2. Did the trial court, through its actions, so prejudice the course of these proceedings as to require a new trial?

3. Was counsel for the defendant's representation of the defendant so lacking so as to constitute ineffective assistance of counsel as a matter of law?

4. Did the trial court err in instructing the jury on principles of "reasonable doubt" and "acting in concert"?

5. Did the trial court err in determining aggravating circumstances and in imposing judgment?

For the reasons that follow, we conclude that defendant had a fair trial, free from prejudicial error.

## I

On 12 April 1982, David Shelton, a 17-year-old high school student, was picked up by three men riding in a Cadillac in Fayetteville. The men drove David Shelton around for several hours, eventually taking him to a location in downtown Fayetteville, where, after removing him from the car, they robbed him of a ring, a bracelet, six dollars in currency, and other personal items. After the robbery, one of the three men shot David.

Later that evening, the defendant and two other men, Benny Bryant and Delton Tyler, were seen together at a bar in Fayetteville. Delton Tyler argued with, and pulled a pistol on, one of the patrons in the bar. Shortly thereafter, responding police officers noted Tyler and Bryant walking away from the bar at a distance approximately one-half a block from the bar, and also noticed defendant leaving the bar headed in a different direction. All three men were taken into custody. A subsequent search of the police vehicle in which Tyler and Bryant were transported revealed the presence of the ring and bracelet stolen earlier from David Shelton. Defendant, Ellis Cogdell, had no weapons nor any item taken from David Shelton.

## II

[1]  The record contains substantial evidence that defendant was identified at trial as a participant in the robbery, and, therefore, the trial court properly denied defendant's motion to dismiss made at the end of the evidence. On three separate occasions, David Shelton identified the defendant as one of the three robbers. The defendant was in the courtroom during the trial sitting with co-conspirator Benny Bryant. David Shelton testified:

[On direct examination:]

There were three of them. Two of them are sitting over there and the other was already; he has already pleaded guilty to it.

MR. LEWIS: I object.

COURT: Sustained as to the third one. Overruled as to the two of them sitting here in the courtroom.

Of the two of them sitting in the courtroom, in pointing them out to the jury, I say the second guy over there and the one with the moustache. The second guy is wearing a black sweater jacket and a brown sweater and green pants.

. . . . .

[On cross-examination:]

I did identify them to the police officer, but I didn't put up a positive ID, and now I see by looking at them today that I did identify them and that I was right.

. . . . .

[On redirect examination:]

I do recognize the people today. They were the ones that were in the car, two of the three.

We hold that David Shelton properly and positively identified the defendant in the courtroom. Accordingly, defendant's first assignment of error is rejected.

### III

Based on eleven separate assignments of error, the defendant next contends that the trial court did, or failed to do, several things that prejudiced the trial proceedings.

[2]   A. When David Shelton indicated that he would not testify, the trial court informed him that the alternative was to be jailed for contempt of court. Defendant assigns error to the trial court's action, but we find the trial court's action completely in keeping with the law. The general rule is that a witness can be held in contempt if the witness refuses to testify or to answer questions when examined. *See* 97 C.J.S. *Witnesses* Sec. 27(b)(1) (1957). *See also In re Williams*, 269 N.C. 68, 152 S.E. 2d 317, *cert. denied*, 388 U.S. 918, 18 L.Ed. 2d 1362, 87 S.Ct. 2137 (1967), in which a minister who refused to testify on religious grounds was held to have been in contempt of court.

[3]   B. Defendant also assigns as error the trial court's questions of him, out of the presence of the jury, concerning his decision not to testify. Only after the following colloquy did the court ask questions of defendant, all of which were designed to insure that

defendant was aware of his rights and that the decision not to testify was based upon knowledge:

> MR. LEWIS: I have on several occasions explained it to him. I have not made the decision. I have given him the advice and asked him over the past several days to make that decision.

> COURT: Do you feel that he has now had enough time to think about it and has he now made his decision?

> MR. LEWIS: He has had plenty of time to think about it. He is still trying to make that decision.

> COURT: Mr. Cogdell, do you want a little more time to think about that?

> THE DEFENDANT: No, sir.

> MR. LEWIS: We do not desire to put on any evidence, Your Honor.

We find no error in what the trial court did. And since no effort was made to influence defendant one way or the other, no prejudice resulted.

[4]  C. We summarily reject defendant's remaining assignments of error relative to the trial court's allegedly prejudicial actions: (1) instructing the jury that a reasonable doubt is not a "doubt suggested by the ingenuity of counsel"; (2) failing to summarize the evidence favorable to the defendant's contentions; (3) undertaking a prosecutorial role during the sentencing hearing by calling two witnesses; and (4) telling the jury during *voir dire* of limitations placed upon counsel. Contrary to defendant's suggestion, the record does not establish that the trial court overstepped the proper bounds of the judiciary in controlling the proceedings, or that the trial court, with or without design, cowed or obstructed defense counsel in his efforts to represent defendant.

As can be seen in IV, *infra*, our holding on this issue impacts substantially on defendant's next argument that his lawyer's representation constituted ineffective assistance of counsel.

## IV

North Carolina follows the federal rule for judging effective assistance of counsel enunciated in *McMann v. Richardson*, 397

U.S. 759, 25 L.Ed. 2d 763, 90 S.Ct. 1441 (1970): "whether counsel's performance was 'within the range of competence demanded of attorneys in criminal cases'." *State v. Weaver*, 306 N.C. 629, 641, 295 S.E. 2d 375, 382 (1982) (quoting *McMann*, 397 U.S. at 771, 25 L.Ed. 2d at 773, 90 S.Ct. at 1449).

Having concluded that the trial court did not err in telling David Shelton that he could be held in contempt, that the trial court did not err in its pretrial instructions or in its instructions regarding reasonable doubt, and that the trial court did not assume a prosecutorial role so as to prejudice the defendant, we summarily reject defendant's contention that defense counsel's failure to object to the trial court's actions constitute ineffective assistance of counsel.

[5] We also summarily reject defendant's other contentions regarding ineffective assistance of counsel. Considering the doctor's report that the bullet which entered the chest just at the left of the heart, puncturing the left lung, "was a very serious injury causing . . . significant damage [which] could easily have proven fatal," we find no fault in defense counsel's stipulation that the bullet wound inflicted serious injury. Similarly, considering *State v. Lee*, 277 N.C. 205, 176 S.E. 2d 765 (1970), we cannot say that defense counsel was incompetent for his failure to object to the instruction that "he who hunts with the pack is responsible for the kill."

We have reviewed defendant's other criticisms of his lawyer's representation of him and find them to be without merit. We find defense counsel's advice within the range of competence demanded of attorneys in criminal cases.

V

Defendant next argues that the trial court erred in instructing the jury on principles of reasonable doubt and acting in concert. Specifically, defendant urges that the trial court committed prejudicial error by instructing that "he who hunts with the pack is responsible for the kill" and that reasonable doubt cannot be based upon the ingenuity of counsel not legitimately warranted by the testimony. As we have addressed defendant's assignments of error in this argument in IV, *supra*, we need say no more.

## VI

[6] Finally, defendant contends that the trial court erred in finding three separate aggravating circumstances. We agree. In *State v. Lewis*, 68 N.C. App. 575, 315 S.E. 2d 766, *disc. rev. denied*, 312 N.C. 87, 321 S.E. 2d 904 (1984), this Court held the trial court erred in finding as an aggravating factor, in sentencing defendant for second-degree sexual offense and first-degree kidnapping, that the victim was very young when the victim was seventeen years old at the time of the crimes. The Court reasoned that the victim was not so extremely young as to make her age reasonably related to the purposes of sentencing. We find no reason to depart from the holding in *Lewis*. After all, David Shelton, the victim in this case, was seventeen.

[7] With regard to the two remaining aggravating circumstances found, the State itself, on pages 11 and 12 of its brief, finds fault with the trial court's findings:

> The State acknowledges that as to the crime of robbery with a firearm it was improper for the trial judge to find as an aggravating factor that the 'offense was committed for hire or pecuniary gain' (*see State v. Morris, supra*; G.S. 15A-1340.4 (a)(1)), even though such finding would have been proper as to the assault offense. The State also acknowledges that the record does not support the aggravating finding that the defendant has prior convictions. *See State v. Thompson*, 60 N.C. App. 679, 300 S.E. 2d 29 (1983).

Because the presumptive sentence is fourteen years for armed robbery and six years for assault with a deadly weapon with intent to kill inflicting serious bodily injuries, and because defendant received a 20-year sentence for the two consolidated offenses, the State contends that it was not necessary for the court to find aggravating factors under N.C. Gen. Stat. Sec. 15A-1340.4(b) (1983). The State is correct, but not because of the 1983 version of G.S. Sec. 15A-1340.4(b). In this case, defendant was sentenced on 26 October 1982, a full year before the effective date of the amended version of G.S. Sec. 15A-1340.4(b) which, in relevant part, states that a

> judge need not make any findings regarding aggravating and mitigating factors . . . if when two or more convictions are

654 COURT OF APPEALS [74

Van Sumner, Inc. v. Penn. Nat. Mut. Casualty Ins. Co.

consolidated for judgment he imposes a prison term (i) that does not exceed the total of the presumptive terms for each felony so consolidated, (ii) that does not exceed the maximum term for the most serious felony so consolidated, and (iii) that is not shorter than the presumptive term for the most serious felony so consolidated.

The portion of the amended statute quoted above was effective 1 October 1983. *See* 1983 N.C. Sess. Laws, ch. 453. Consequently, the amended statute is not controlling. However, case law interpreting the pre-1983 version of the statute, G.S. Sec. 15A-1340.4(b) (Supps. 1981-82), compels us to conclude that since defendant received a 20-year sentence for the two consolidated offenses, the trial court was not required to find any aggravating circumstances. *See, e.g., State v. Locklear,* 61 N.C. App. 594, 301 S.E. 2d 437, *disc. rev. denied,* 308 N.C. 679, 304 S.E. 2d 759 (1983). Consequently, although the trial court erred in finding aggravating circumstances, the error is harmless.

No error.

Judges WELLS and WHICHARD concur.