STATE OF NORTH CAROLINA v. PAUL GRIER SMITH

No. 736SC442

(Filed 1 August 1973)

**Criminal Law §§ 101, 169— threatening calls made to witness — incompetent evidence — no prejudicial error**

> The trial court in a kidnapping and robbery case committed error, though it was not prejudicial to defendant, in allowing the solicitor to ask a State's witness if he had received threatening phone calls and in allowing the witness to answer in the affirmative where there were no further questions or testimony about the threats and the question and answer were not clarified in any way or in any way connected with defendant.

ON *certiorari* to review a trial before *James, Judge,* at the 7 August 1972 Session of Superior Court held in HALIFAX County.

Defendant was charged in two bills of indictment (1) with armed robbery and (2) with kidnapping.

The State's evidence tended to show the following: On 2 November 1971 Dennis Stevens (Stevens) was a truck driver for Southern Wholesale, Goldsboro, N. C. On that morning Stevens loaded his truck in Goldsboro with approximately $16,800.00 worth of cigarettes. He was to deliver these to Lakewood Truck Stop near the town of Halifax. Stevens drove north on Highway 301 and Interstate 95. As he was proceeding north in Halifax County a pickup truck passed him. In addition to the driver of the pickup truck defendant and two other men were in the back. Defendant pointed a 30-30 rifle at Stevens, and the other two men pointed pistols at him. They motioned for Stevens to pull over and stop, which he did. At the direction of defendant, Stevens got out of his truck with his hands up and lay down in the back of the pickup truck. One of the men with defendant got into Stevens truck and drove it away. Stevens was taken in the pickup truck for several miles to an isolated wooded area. While defendant continued to point the rifle at Stevens, the other two men tied Stevens to a tree with a rope. Defendant and his associates then drove away in the pickup truck. The pickup truck was red and white. Stevens was able to free himself after a short time. He walked to the highway, caught a ride into the town of Halifax, and reported to the County Sheriff. Two months later Stevens was advised that his truck was in Fayetteville, N. C.

State v. Smith

Defendant's evidence tended to show the following: That on 1, 2 and 3 November 1971 defendant was in the town of Benson, N. C., taking a motor out of his pickup truck and putting another in; that he worked on his pickup truck at the home of his brother-in-law all day on 2 November 1971; that his pickup truck is red and white; that he did not at any time on those days go to Halifax County; that he did not rob or kidnap Stevens. On cross-examination defendant stated that he bought a 30-30 rifle in 1967 or 1968 but that he sold it to one Bo Barnes. Defendant identified the rifle exhibited in court as the one that he had owned.

The jury returned a verdict of guilty of (1) armed robbery and (2) kidnapping.

*Attorney General Morgan, by Assistant Attorney General Magner, for the State.*

*Hux & Livermon, by James S. Livermon, Jr., for defendant.*

BROCK, Judge.

Defendant assigns as error that the trial judge permitted, over objection, the following question by the Solicitor and answer by the State's witness:

"Q. Let me ask you if you have not had some threatening phone calls?

"A. Yes, sir."

Defendant's motion to strike was also denied.

There were no further questions or testimony about threats, and the above question and answer were not clarified in any way. Presumably the Solicitor intended to create the impression that defendant had called the State's witness on the telephone and made threats against him if he testified against defendant. However, the question and answer fall short of properly connecting defendant so as to make the question competent. Where a defendant threatens or otherwise intimidates a State's witness in an effort to prevent such witness from testifying against defendant, the fact of the threat or intimidation may be shown in evidence. But it must be shown that defendant made the threat or was privy to it. Annot., 62 A.L.R. 136.

Defendant's objection to the foregoing question should have been sustained, and the trial court having failed in this, it should

have allowed defendant's motion to strike. Nevertheless, because of the strong eyewitness evidence against the defendant, we do not conceive that the question and answer were of sufficient import to prejudice defendant's trial. Appellant must show prejudice as well as error. This assignment of error is overruled.

Counsel for defendant has brought forward numerous assignments of error to the trial judge's instructions to the jury. There are some errors pointed out, but they appear to us to be inconsequential. We do not feel that a discussion of these numerous exceptions would serve any valid purpose. We have considered the judge's charge as a whole, and in our opinion, the jury could not have been misled in the application of the law to the evidence or as to its duty. In our opinion defendant had a fair trial, free from prejudicial error. The assignments of error to the charge of the court are overruled.

The remaining assignments of error are formal and are overruled.

No error.

Judges MORRIS and VAUGHN concur.