STATE OF NORTH CAROLINA v. STARLIN WAYNE GOSNELL AND JUNIOR LYNN HIPPS

No. 7824SC544

(Filed 21 November 1978)

1. **Criminal Law § 92.1— consolidation of charges against two defendants**

     The trial court did not err in consolidating for trial charges against two defendants for the same offenses of breaking or entering a hardware store and larceny of property therefrom, although fragments of glass from the store were found on the person of only one defendant.

2. **Criminal Law § 61.2— shoeprint testimony—prints not matched to defendants' shoes**

     An officer's testimony concerning shoeprints which he followed from a pickup truck which had fled from the crime scene and thereafter wrecked was not inadmissible because there was no attempt to fit the prints to shoes worn by defendants where the officer saw defendants leaving the wrecked pickup truck and followed the tracks he saw them make.

3. **Arrest and Bail § 3.5; Searches and Seizures § 8— search incident to warrantless arrest**

     An officer had probable cause to arrest defendants without a warrant, and a shirt was lawfully seized from one defendant as incident to his lawful arrest, where the officer chased a pickup truck from the scene of a break-in; the truck turned over in a creek and the officer saw two persons run from the truck; later that day the officer saw defendants in the custody of the sheriff of another county; defendants were dressed in the same manner as the persons the officer had seen flee from the overturned truck; the officer observed that defendants had scratches and bruises on their hands and faces and that their clothing was damp, soiled, and rumpled; and the officer seized the shirt at the county jail after defendants were arrested.

4. **Criminal Law § 138.4— counts consolidated for judgment—maximum sentence**

     When different counts are consolidated for judgment, the total sentence may not exceed the greatest statutory penalty applicable to any one of the counts.

APPEAL by defendants from *Ferrell, Judge.* Judgment entered 17 November 1976, Superior Court, YANCEY County. Heard in the Court of Appeals 17 October 1978.

Defendants were each indicted for breaking or entering and larceny. Each was convicted by the jury, and each appeals from the judgment entered on the verdict which sentenced them to imprisonment "for the term of not less than 12 nor more than 15 years".

Evidence for the State is summarized as follows: When the True Value Hardware Store in Burnsville was closed after business on the 29th of October, 1975, the doors were locked, and the burglar alarm was set. A showcase containing guns was near the front door and was locked. Another case contained ammunition. When the manager returned to the store the next morning at eight o'clock, all the glass was broken out of the left door, a 3' x 7' door. Someone had tampered with the locks on the showcases. The glass in both showcases was broken. Several guns were missing, some electric razors were gone, and a safe weighing about 150 pounds had been stolen. The market value of the items taken was approximately $2,500. A deputy sheriff responded to a burglar alarm which sounded in the Sheriff's Department at 12:40 a.m. He saw a 1970 Chevrolet pickup with license No. AB 2080 on the bypass, and there was no other traffic in the lot where the truck was parked. The truck pulled out on the highway and headed west. The officer turned on the blue light on his vehicle and started to chase the truck. They were joined in the chase by the sheriff, and they got up to speeds of more than 100 miles per hour for several miles until the truck left the road and turned over in a creek. The stolen items spilled out of the truck into the creek and on the roadway. Two persons jumped out of the truck and ran. A third was found lying near the truck. From the headlights of his vehicle, the sheriff was able to see the persons who ran. He followed them into the woods and called a deputy to bring the bloodhound. Later that morning he saw the two men with Sheriff E. Y. Ponder, Sheriff of Madison County, and Deputy Sheriff Sellers of Yancey County. They were arrested and carried to the Yancey County Sheriff's Department. Deputy Sheriff Sellers had met Sheriff Ponder at the Madison-Yancey County line. As result of their search and investigation, the defendants were found talking to a man at a house in Madison County. The men had fresh scratches on their faces and hands, and their clothing was damp, soiled, and "rumpled". Two fragments of glass were found in the pocket of Gosnell's shirt and in his boots. The fragments matched the glass which came from the door at the hardware store.

Defendants did not put on any evidence.

*Attorney General Edmisten, by Assistant Attorney General Amos C. Dawson III, for the State.*

*I. C. Crawford for defendant appellants.*

MORRIS, Judge.

[1] By their first assignment of error, defendants argue that the court committed reversible error in consolidating the charges against the defendants for trial.

> "Consolidation of cases for trial is generally proper when the offenses charged are of the same class and are so connected in time and place that evidence at trial upon one indictment would be competent and admissible on the other. *State v. Taylor*, 289 N.C. 223, 221 S.E. 2d 359 (1976); *State v. Bass*, 280 N.C. 435, 186 S.E. 2d 384 (1972). As a general rule, whether defendants who are jointly indicted should be tried jointly or separately is in the sound discretion of the trial court, and, in the absence of a showing that appellant has been deprived of a fair trial by consolidation, the exercise of the court's discretion will not be disturbed upon appeal. *State v. Taylor, supra; State v. Jones*, 280 N.C. 322, 185 S.E. 2d 858 (1972)." *State v. Brower*, 289 N.C. 644, 658-659, 224 S.E. 2d 551, 561-562 (1976).

Obviously the charges against these two defendants are of the same class. It is difficult to imagine offenses more connected in time or in place. The two were seen jumping from the pickup truck and together running in the woods. They were together when apprehended. The evidence was the same as to both with the exceptions of the evidence relating to glass fragments found in Gosnell's pocket and boots. Testimony with respect to finding the fragments of glass came in without objection. When the expert was allowed to testify that the fragments matched fragments from the store door, defendant, although he did object, did not request the court to give the jury limiting instructions that the jury not consider that testimony as to defendant Hipps. Defendant Gosnell has shown neither abuse of discretion nor prejudice to his defense by reason of the trial court's consolidating for trial the charges against these defendants.

By their assignments of error Nos. 2, 3, and 4, defendants contend that incompetent evidence was admitted. They refer to

testimony the State attempted to elicit with respect to the use of bloodhounds. However, defendants' objections were sustained, and the State was never able to lay a proper foundation for the admission of the evidence. Nor did defendants move to strike the voluntary information given in response to a question by the solicitor. The court denied defendants' motion for mistrial. Defendants have shown no sufficient prejudice or abuse of discretion to warrant a new trial.

[2] Defendants next (assignments of error Nos. 5, 6, 7 and 8) urge that the court committed reversible error in allowing Deputy Sheriff Arrowood to testify with respect to footprints. He testified that he followed two sets of footprints from the overturned pickup truck; that one set was made by about a size 8 or 9 shoe with a reasonably high heel and the other, by "just an ordinary shoe approximately 9 or 10". He followed these tracks to the hard-surfaced road, picked them up again on the other side in a church yard, followed them to the road and up the road to a house owned by a Mr. Carr on the left of Indian Creek Road, across Indian Creek, and back across Indian Creek coming back into Indian Creek Road across from Mr. Carr's residence. He observed the same tracks near Metcalf Creek, on the Yancey County side, "going up Shepard Hollow on Indian Creek into what is known as the Grady Robinson Farm on the head of Indian Creek, leading around to a gap going down into Metcalf Creek". A good part of this testimony came in without objection, and defendants vigorously cross-examined the witness, going over his testimony as to the size of the shoes worn by the people and the directions travelled. On appeal, they urge that the evidence was not competent because it did not comply with the requirements of *State v. Bass*, 253 N.C. 318, 116 S.E. 2d 772 (1960). There the Court said that shoeprint evidence has no logical tendency to identify a defendant as the one who committed the crime with which he is charged unless "the attendant circumstances support this triple inference: (1) That the shoeprints were found at or near the place of the crime; (2) that the shoeprints were made at the time of the crime; and (3) that the shoeprints correspond to shoes worn by the accused at the time of the crime." *Id.* at 322 (quoting from *State v. Palmer*, 230 N.C. 205, 52 S.E. 2d 908 (1949)). Here there was no attempt to fit the prints to the shoes worn by defendants at the time. However, here the defendants were seen

leaving the overturned pickup truck on foot and running into the woods. These were the tracks the witness followed. In *Bass*, the defendant was not seen leaving footprints at the scene of the crime — peeping into an occupied lady's bedroom at night. A similar situation obtained in *Palmer*; *i.e.*, there was no witness who saw the person make the shoeprints which were followed. We think the situation here is sufficiently different than *Bass* and *Palmer* that the failure of the State to introduce evidence that the prints corresponded to shoes worn by defendants at the time is not fatal and does not result in the inadmissibility of the shoeprint evidence. The weight of the evidence is for the jury. *See State v. Mays*, 225 N.C. 486, 35 S.E. 2d 494 (1945).

[3] Assignments of error Nos. 9 through 17, and the exceptions which support them, "pertain solely to evidence offered by (sic) the State over objection by defendants". Defendants' contention, as we understand it from their brief, is that the evidence was obtained "directly or indirectly by the illegal arrest of the defendants and for that reason the evidence under all these exceptions is incompetent". The record indicates that when the State attempted to question Sheriff Banks with respect to the shirt worn by defendant Gosnell when arrested, defendants objected, and the court conducted a *voir dire* directed to the legality of the search and seizure, as he was required to do. *State v. Crews*, 286 N.C. 41, 209 S.E. 2d 462 (1974); *State v. Basden*, 8 N.C. App. 401, 174 S.E. 2d 613 (1970). The court, upon conclusion of the evidence on *voir dire*, found facts as follows:

> "Let the record show that on voir dire examination in the absence of the jury, based upon the competent evidence offered on the voir dire examination, the Court finds as a fact that the witness Banks, having observed two individuals flee from the scene of the pickup truck collision and having observed that the individuals were dressed one in his shirt sleeves and one in dark clothes and having observed the — having participated in a search for such individuals who had fled from the scene and having the following morning observed two individuals in the company of Sheriff E. Y. Ponder of Madison County and having at that time observed that the defendants had scratches and bruises about their faces and hands; that one of the defendants was dressed in his shirt sleeves — short sleeved shirt; that the defendants

were dressed in clothes in the manner of the individuals the witness had observed fleeing the scene; that they appeared to be tired; that the witness Banks took the defendants and each of them into custody without a warrant; that he transported the same to the county jail at Burnsville, Yancey County; that there he took in his possession a shirt identified as State's Exhibit No. 5 and there removed from the shirt pocket certain apparent fragments of glass. Based upon the foregoing findings of fact, the Court concludes as a matter of law that the witness Banks had probable cause at the time of the arrest to believe that the individuals in his custody were one and the same as the individuals he had observed leaving the scene of the wreck of the pickup truck; that he had probable cause to believe that a felony had been committed; that the search of the defendant Gosnell and removal of fragments from the shirt worn by the defendant Gosnell was incident to and subject to a search pursuant to lawful arrest; that the same therefore is admissible into evidence on the trial of this cause."

Defendants do not contend the facts are not supported by the evidence, a position which would not be well taken. The evidence amply supports the facts found, and the facts support the court's conclusion that there was probable cause to make the arrest. When the findings are supported by competent evidence, as here, the findings are conclusive and binding on appeal. *State v. Crews, supra,* and cases there cited.

Assignments of error Nos. 6 and 17 through 24 relate to the defendants' contention that the court erred in failing to grant their motions for nonsuit, timely made. We do not deem discussion of these assignments of error necessary. Suffice it to say that our review of the evidence clearly shows that the State's evidence was sufficient to submit the charges to the jury and support guilty verdicts.

[4] We have carefully reviewed all the remaining assignments of error and find them to be without merit, with one exception. By assignment of error No. 33, defendants say that "this judgment is void for the reason that the prison term was in excess of the prison term authorized by law". In their brief, defendants do not refer to this assignment of error (indeed their brief does not

State v. Gosnell

refer to *any* assignments of error as required by Rule 28(b)(3), North Carolina Rules of Appellate Procedure) or to any exception which might support it. Nor does the record contain any exception to the judgment. Nevertheless, as suggested by the State in its brief, there is an obvious inadvertence in the judgment which should be corrected even in the absence of an exception. It is perfectly permissible to consolidate for judgment, as the court did here, the counts of felonious breaking and entering and larceny and pronounce one sentence, but the total sentence may not exceed " 'the greatest statutory penalty applicable to any of the counts'. *State v. Austin,* 241 N.C. 548, 549, 85 S.E. 2d 924, 926." *State v. Stafford,* 274 N.C. 519, 536, 164 S.E. 2d 371, 383 (1968); *State v. Crabb,* 9 N.C. App. 333, 176 S.E. 2d 39 (1970), and cases there cited. Both G.S. 14-54 (breaking or entering) and G.S. 14-70 (larceny) provide that violations are punishable under G.S. 14-2 (1977 Cum. Supp.) which provides:

> "Every person who shall be convicted of any felony for which no specific punishment is prescribed by statute shall be punished by fine, by imprisonment for a term not exceeding 10 years, or by both, in the discretion of the court. A sentence of life imprisonment shall be considered as a sentence of imprisonment for a term of 80 years in the State's prison."

Here the court entered judgment as to each defendant providing for imprisonment "for the term of not less than 12 nor more than 15 years. . . ." Obviously the judgment was an inadvertence. It must be vacated and the matter remanded for resentencing.

No error in the trial.

Remanded for resentencing as to both defendants.

Judges VAUGHN and WEBB concur.