STATE OF NORTH CAROLINA v. JACKIE C. NORFLEET

No. 8310SC153

(Filed 6 December 1983)

**1. Criminal Law § 162— necessity for objection to evidence**

Failure to object in apt time, even if testimony is incompetent, results in a waiver, and such testimony may be considered for whatever probative value it may have.

**2. Criminal Law § 163— necessity for objection to instructions**

Where defendant made no objection at trial to the court's instructions, defendant waived his right to assign error to such instructions on appeal.

**3. Criminal Law § 163.3— failure to summarize evidence—no fundamental error requiring appellate review**

Failure of the trial court to give an instruction summarizing the evidence was not so fundamental and material an error as to permit appellate review thereof in the absence of objection by defendant at the trial where the trial judge reiterated the evidence necessary to explain application of the law thereto. G.S. 15A-1232.

**4. Criminal Law § 138— aggravating factor—prior convictions—absence of evidence as to indigency and counsel**

The trial court did not err in using defendant's prior convictions as aggravating factors in sentencing defendant where there was no evidence whether defendant was indigent at the time of such prior convictions and whether he was represented by or waived counsel.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 20 October 1982. Heard in the Court of Appeals 20 October 1983.

Defendant was charged in separate indictments with second degree rape and second degree sexual offense. The jury found defendant guilty of both offenses, which were consolidated for judgment. Defendant appeals.

The State's evidence tended to show: During the evening of 16 July 1982, Robin Woods was walking down Jones Street in

Raleigh, North Carolina, when defendant grabbed her, pulled her into some bushes, and forced her to have vaginal and anal intercourse. Ms. Woods did not consent to have intercourse with defendant. When Ms. Woods raised a soft drink bottle she had in her hand to hit defendant, he grabbed her arm and took the bottle. She tried to holler, but defendant covered her mouth. He threatened to kill her if she moved.

After completing the sexual acts, defendant showed Ms. Woods two I.D. cards. On one of the cards was defendant's photograph, and Ms. Woods recalled that the named printed on such card was Jackie N-O-R-F-_ _ _-T. The name "Anthony" was printed on the other I.D. card. The photograph on this card did not resemble her assailant.

Some time later that night, defendant let Ms. Woods leave. She walked to her home a couple blocks away and told her sister of the attack, whereupon her sister called the police.

Ms. Woods later identified defendant as her assailant from eight photographs shown her by the police. Ms. Woods was treated by a physician for a vaginal infection.

Defendant presented no evidence.

*Attorney General Edmisten, by William B. Ray, Assistant Attorney General, for the State.*

*Office of the Appellate Defender, by James H. Gold, Assistant Appellate Defender, for defendant appellant.*

VAUGHN, Chief Judge.

At trial, Ms. Woods' sister testified that she had never had any difficulty with Robin lying to her. Defendant now contends that this testimony was improperly admitted in that it was the witness' opinion of her sister's character. We find no merit in defendant's contention.

[1] Defendant, at trial, did not object nor move to strike the testimony now cited as incompetent. Failure to object in apt time, even if testimony be incompetent, results in a waiver, and such testimony may be considered for whatever probative value it may have. *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534, *cert. denied,* 400 U.S. 946, 27 L.Ed. 2d 252, 91 S.Ct. 253 (1970); 1 Bran-

dis on North Carolina Evidence § 27 (1982). The only exceptions when the admission of such evidence should be reviewed on appeal are: (1) when the evidence is forbidden by statute; (2) when the evidence was an inadmissible confession by a criminal defendant; or (3) when the evidence is a result of questions from the trial judge or a juror. *State v. Blackwell, supra;* 1 Brandis, *supra* § 27. The instant case presents none of the situations requiring review by this Court. Defendant, not having objected to such testimony at trial, cannot, therefore, complain on appeal. We do not suggest that trial counsel was less than diligent in failing to object. In the context of the case being tried the questions and answers were relatively harmless. It is a rare case, indeed, when an appellate court should try to second guess the strategy of trial counsel.

Defendant's next assignment of error relates to the judge's role, pursuant to G.S. 15A-1232, in instructing the jury. The statute provides, in pertinent part:

> In instructing the jury, the judge must declare and explain the law arising on the evidence. He is not required to state the evidence except to the extent necessary to explain the application of the law to the evidence.

Defendant now contends that the trial judge committed reversible error by giving no summary of the evidence at all in his instructions to the jury. We find no merit in such contention.

Under Rule 10b(2) of the Rules of Appellate Procedure:

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury . . . .

[2]  At trial, before the judge had completed his final instructions to the jury, he called the attorneys to the bench and inquired whether either attorney had any further requests, additions, or corrections regarding the instructions to the jury. Both attorneys responded negatively. Defense counsel had the opportunity to make an objection out of the hearing of the jury. Having made no objection at trial, defendant waived his right to assign error to

such instructions on appeal. *See State v. Owens*, 61 N.C. App. 342, 300 S.E. 2d 581 (1983).

[3] Defendant contends that regardless of the failure to object at trial, the error in this case was so fundamental and material as to mandate our power under Rule 2 of the Rules of Appellate Procedure to review the trial proceedings. We find no fundamental, material error in the jury instructions.

If defendant had objected at trial we would find his objection groundless because the judge complied, in substance, with G.S. 15A-1232. Defendant was charged with second degree rape and second degree sexual offense. Defendant presented no evidence. The State's evidence was simple and direct. In his charge, after explaining the elements of second degree rape, the judge charged, in pertinent part:

> So I charge that if you find from the evidence beyond a reasonable doubt that on or about the 16th day of July, 1982, Jack Norfleet grabbed Robin Woods who was walking down a street near her home, pulled her into some bushes, choked her, threatened her with his fists and threatened to kill her, and thereby had vaginal sexual intercourse with Robin Woods by inserting his penis into her vagina without Robin Woods' consent and against her will, then if you find all of these things from the evidence and beyond a reasonable doubt, it would be your duty to return a verdict of guilty of second degree rape.

> However, if you do not so find or if you have a reasonable doubt as to one or more of these things, then it would be your duty to return a verdict of not guilty.

After explaining the elements of second degree sexual offense, the Judge charged, in pertinent part:

> Ladies and gentlemen, I charge that if you find from the evidence beyond a reasonable doubt that on or about the 16th day of July, 1982, the Defendant Jack Norfleet engaged in anal intercourse by inserting his penis into the anus of Robin Woods and that he did so by pulling her into some bushes, choking her, threatening her with his fists and threatening to kill her, and that this force was sufficient to overcome any resistance which Robin Woods might make,

and that Robin Woods did not consent to the anal intercourse, and that the anal intercourse was against her will, then if you find all of these things from the evidence beyond a reasonable doubt it would be your duty to return a verdict of guilty of second degree sexual offense.

However, if you do not so find or if you have a reasonable doubt as to one or more of these things, then it would be your duty to find the defendant not guilty.

In such charge, the Judge reiterated the evidence necessary to explain application of the law to the evidence. G.S. 15A-1232; *see State v. Best*, 265 N.C. 477, 144 S.E. 2d 416 (1965).

[4] Defendant lastly argues that the trial court erred by using his prior convictions as aggravating factors in sentencing defendant, since there was no evidence whether defendant was indigent at the time of such prior convictions, and if so whether he was represented by or waived counsel. The argument is without merit. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983).

No error.

Judges HEDRICK and BECTON concur.