STATE OF NORTH CAROLINA v. CLEVELAND RANSOM

No. 8412SC796

(Filed 21 May 1985)

1. **Criminal Law § 138.4— consolidation of judgments for sentencing — sentence in excess of maximum for most serious offense — improper**

   The trial court erred by consolidating charges of breaking and entering and larceny for judgment, finding an aggravating factor, and imposing a sentence of twenty years when the maximum term for any of the charges was ten years. Under G.S. 15A-1340.4, the court may impose a sentence other than the presumptive term if aggravating or mitigating factors are found, pursuant to a plea bargain, or by consolidating two or more charges for judgment; but may impose a sentence other than the presumptive term without aggravating or mitigating factors only if three requirements are met, including the requirement that the sentence imposed is not for a term longer than the maximum term for any of the charges consolidated. There is no provision for finding aggravating or mitigating factors if two or more crimes are consolidated for judgment.

2. **Criminal Law § 144— amendment of judgment after adjournment — no jurisdiction**

   The trial court did not have jurisdiction after it adjourned to grant the State's motion for appropriate relief and amend its judgment from a twenty year sentence for consolidated judgments for multiple larceny and breaking and entering counts to two consecutive ten-year sentences for consolidated indictments for larceny and for breaking and entering. None of the provisions of G.S. 15A-1416 apply to this case in that the imposition of an excessive sentence is not error from which the State may appeal and a prayer for judgment continued was not involved; furthermore, it was not correction of a clerical error for the court to change a judgment so that defendant's sentence could be enhanced by ten years. G.S. 15A-1445.

APPEAL by defendant from *Preston, Judge*. Judgment entered 16 April 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 7 March 1985.

The defendant was indicted on twenty charges of breaking or entering and twenty charges of larceny. He pled guilty to thirteen charges of breaking or entering and thirteen charges of larceny. The remaining charges were dismissed. The Court consolidated all the charges for the purpose of judgment. The Court found as an aggravating factor that the defendant had a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement. It found no mitigating factors and

sentenced the defendant to a term of twenty years on 21 March 1984. The defendant gave notice of appeal two days later.

On 29 March 1984 the State made a motion for appropriate relief on the ground it was obvious the court intended to consolidate the bills of indictment rather than the offenses for sentencing. On 16 April 1984 the Court found that there was a patent error in the judgment of 21 March 1984 and struck that judgment. The Court then consolidated the breaking or entering charges and sentenced the defendant to ten years imprisonment. It then consolidated the larceny charges and sentenced the defendant to ten years imprisonment on them to commence at the expiration of the sentence imposed on the breaking or entering charges. The defendant appealed.

*Attorney General Edmisten, by Associate Attorney General Doris J. Holton, for the State.*

*Beaver, Holt and Richardson, by F. Thomas Holt, III, for defendant appellant.*

WEBB, Judge.

[1] The maximum term for any of the charges to which the defendant pled guilty is ten years. Prior to the adoption of G.S. 15A-1340.4, when multiple charges were consolidated for judgment, the sentence could not exceed the maximum penalty for any of the charges. *See State v. Gosnell*, 38 N.C. App. 679, 248 S.E. 2d 756 (1978), *disc. rev. denied and appeal dismissed*, 296 N.C. 587, 267 S.E. 2d 567 (1979). G.S. 15A-1340.4 provides in part:

> If the judge imposes a prison term, whether or not the term is suspended, and whether or not he sentences the convicted felon as a committed youthful offender, he must impose the presumptive term provided in this section unless, after consideration of aggravating or mitigating factors, or both, he decides to impose a longer or shorter term, or unless he imposes a prison term pursuant to any plea arrangement as to sentence under Article 58 of this Chapter, or unless when two or more convictions are consolidated for judgment he imposes a prison term (i) that does not exceed the total of the presumptive terms for each felony so consolidated, (ii) that does not exceed the maximum term for the most serious

felony so consolidated, and (iii) that is not shorter than the presumptive term for the most serious felony so consolidated.

As we read this section the judge may impose a sentence other than the presumptive sentence if he finds aggravating or mitigating factors. He may also impose a sentence other than the presumptive sentence pursuant to a plea bargain. The third way he may impose a sentence other than a presumptive sentence is by consolidating two or more charges for judgment. He may without finding aggravating or mitigating factors impose a sentence other than the presumptive sentence so long as the sentence complies with the three requirements set forth in G.S. 15A-1340.4 including the requirement that the sentence imposed is not for a term longer than the maximum term for any of the charges consolidated.

The Court in this case consolidated the charges for judgment and then found an aggravating factor. The question is whether after the Court has found an aggravating factor may it enhance the sentence by more than is allowed under the third sentencing method of G.S. 15A-1340.4. We hold that it may not. G.S. 15A-1340.4 provides for three methods of sentencing. These methods are in the disjunctive. The statute makes no provision for finding aggravating or mitigating factors if two or more crimes are consolidated for judgment and we hold it was error for the Court to enhance the presumptive sentence by more than the maximum for any of the charges.

[2] The Court did not have jurisdiction to amend the judgment after it had adjourned. *State v. Jones*, 27 N.C. App. 636, 219 S.E. 2d 793 (1975), and a motion for appropriate relief was not available to it to make this amendment. G.S. 15A-1416 provides in part:

(a) After the verdict but not more than 10 days after entry of judgment, the State by motion may seek appropriate relief for any error it may assert on appeal.

(b) At any time after verdict the State may make a motion for appropriate relief for: (1) The imposition of sentence when prayer for judgment has been continued and grounds for the imposition of sentence are asserted.

(2) The initiation of any proceeding authorized under Article 82, Probation; Article 83, Imprisonment; and Article 84, Fines, with regard to the modification of sentences.

None of the provisions of G.S. 15A-1416 apply to this case. Subsection (a) provides that the State may make a motion for appropriate relief for any error the State may assert on appeal. The imposition of an excessive sentence is not error from which the State may appeal. See G.S. 15A-1445. The provisions of subsection (b) do not apply to this case.

The State argues that the Court did not intend to consolidate the breaking or entering cases with the larceny cases and it was the correction of a clerical error to enter a new judgment in which the cases were not consolidated. We do not believe it was the correction of a clerical error for the Court to change a judgment so that the defendant's sentence could be enhanced by ten years. See State v. Gosnell, supra.

We reverse and remand for a new sentencing hearing.

Reversed and remanded.

Judges PHILLIPS and MARTIN concur.