STATE OF NORTH CAROLINA v. DANA DARRELL PHILLIPS

No. 863SC852

(Filed 3 February 1987)

**Criminal Law § 138.4— consolidation of charges for sentencing — sentence not exceeding maximum for most serious offense**

The trial court could properly impose a consolidated sentence of 8 years on defendant for two counts of felonious possession of stolen goods, which is 2 years in excess of the total presumptive terms for the two felonies consolidated, since the sentence imposed did not exceed the maximum allowable term of 10 years for the most serious felony consolidated. N.C.G.S. 15A-1340.4(a).

APPEAL by defendant from *Brown, Frank R., Judge.* Judgment entered 5 March 1986 in PITT County Superior Court. Heard in the Court of Appeals 7 January 1987.

Defendant pled guilty to two counts of felonious possession of stolen goods in cases 84CRS22249 and 85CRS4778, respectively. Following the entry of defendant's plea, the trial court conducted a sentencing hearing at which the State introduced evidence of prior convictions of defendant for criminal offenses punishable by more than sixty days confinement. The court, *ex mero motu,* consolidated the two cases for judgment. It found as the sole factor in aggravation that defendant had a prior criminal record and it found no factors in mitigation. The court sentenced defendant to a term of eight years, two years in excess of the total of the presumptive terms for the two felonies consolidated. Defendant appealed this sentence.

*Attorney General Lacy H. Thornburg, by Associate Attorney General J. Charles Waldrup, for the State.*

*Assistant Public Defender Robert E. Dillow, Jr. for defendant-appellant.*

WELLS, Judge.

Defendant's sole contention is that the court erred in sentencing him to a term of eight years "on grounds that said sentence exceeds the total of the presumptive terms for each felony so consolidated in violation of [N.C. Gen. Stat. §] 15A-1340.4(a)." Defendant argues that our recent decision in *State v. Ransom,* 74 N.C. App. 716, 329 S.E. 2d 673 (1985) controls the disposition of this appeal, and that, following *Ransom,* the court committed reversible error in sentencing defendant. We disagree.

G.S. § 15A-1340.4(a) provides in part:

If the judge imposes a prison term, whether or not the term is suspended, and whether or not he sentences the convicted felon as a committed youthful offender, he must impose the presumptive term provided in this section unless, after consideration of aggravating or mitigating factors, or both, he decides to impose a longer or shorter term, or unless he imposes a prison term pursuant to any plea arrangement as to sentence under Article 58 of this Chapter, or unless

when two or more convictions are consolidated for judgment he imposes a prison term (i) that does not exceed the total of the presumptive terms for each felony so consolidated, (ii) that does not exceed the maximum term for the most serious felony so consolidated, and (iii) that is not shorter than the presumptive term for the most serious felony so consolidated.

In *Ransom*, defendant was indicted on twenty charges of breaking or entering and twenty charges of larceny. He pled guilty to thirteen charges of breaking or entering and thirteen charges of larceny. After consolidating all of the charges, the trial court found one aggravating factor and no mitigating factors, and it sentenced defendant to a term of twenty years. The maximum term for any of the charges to which defendant pled guilty was ten years.

The *Ransom* Court applied and interpreted G.S. § 15A-1340.4(a) as follows:

As we read this section the judge may impose a sentence other than the presumptive sentence if he finds aggravating or mitigating factors. He may also impose a sentence other than the presumptive sentence pursuant to a plea bargain. The third way he may impose a sentence other than a presumptive sentence is by consolidating two or more charges for judgment. He may without finding aggravating or mitigating factors impose a sentence other than the presumptive sentence so long as the sentence complies with the three requirements set forth in G.S. 15A-1340.4 including the requirement that the sentence imposed is not for a term longer than the maximum term for any of the charges consolidated.

The Court in this case consolidated the charges for judgment and then found an aggravating factor. The question is whether after the Court has found an aggravating factor may it enhance the sentence by more than is allowed under the third sentencing method of G.S. 15A-1340.4. We hold that it may not. G.S. 15A-1340.4 provides for three methods of sentencing. These methods are in the disjunctive. The statute makes no provision for finding aggravating or mitigating factors if two or more crimes are consolidated for judgment and we hold it was error for the Court to enhance the presump-

tive sentence by more than the maximum for any of the charges.

*Ransom, supra.*

As in *Ransom*, the trial court here consolidated defendant's offenses for sentencing, made findings of factors in aggravation and mitigation, and imposed a sentence other than the presumptive. We understand *Ransom* to require only that in this case the sentence imposed not exceed the maximum term for the most serious felony so consolidated. The trial court in *Ransom* erred in imposing a term in excess of the maximum term for any of the charges in violation of the second requirement under G.S. § 15A-1340.4(a). In this case, however, the maximum term allowable was ten years and defendant received a sentence of only eight years. We therefore affirm defendant's sentence.

Affirmed.

Judges MARTIN and PARKER concur.