STATE OF NORTH CAROLINA v. RICKY LYNN CANADY

No. 8916SC884

(Filed 19 June 1990)

**1. Criminal Law § 1064 (NCI4th) — sentencing hearing — method of proving aggravating circumstance — failure to object — appeal waived**

Failure of defendant to object to the nature of evidence offered by the State to prove prior convictions during the sentencing phase amounted to a waiver of his right to appeal the sufficiency of the evidence to support the finding of the prior convictions aggravating factor. Appellate Rule 10(b)(2).

**Am Jur 2d, Criminal §§ 598, 599.**

**2. Criminal Law § 1082 (NCI4th) — sentence greater than presumptive term — no error**

The trial court did not err in sentencing defendant to a term greater than the combined presumptive sentence for two crimes, since the judge found in aggravation of the sentence that defendant had been convicted of crimes punishable by more than 60 days' confinement and found no mitigating factors, and defendant's was well below the maximum sentence for his most serious felony.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Judge GREENE concurring in part and dissenting in part.

APPEAL by defendant from a judgment entered 6 April 1989 by *Judge George R. Greene* in Superior Court, ROBESON County. Heard in the Court of Appeals 9 May 1990.

On 17 January 1989, defendant was indicted for second degree burglary and felonious larceny. Defendant entered a plea of not guilty and waived arraignment. Defendant was tried and found guilty on both charges. On 6 April 1989, Judge Greene sentenced the defendant to a twenty-year active sentence. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Charles Waldrup, for the State.*

*Locklear, Jacobs & Sutton, by Arnold Locklear, for the defendant.*

LEWIS, Judge.

On 18 November 1988, defendant and two accomplices broke into an unoccupied home and stole several items of personal property.

Defendant assigns as error the admission into evidence of certain testimony that he had threatened his two accomplices about not testifying against him. This evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." N.C. Rule of Evidence 403; *State v. Smith*, 19 N.C. App. 158, 159, 198 S.E.2d 52, 53, *cert. denied*, 284 N.C. 123, 199 S.E.2d 662 (1973). The decision to admit or exclude evidence under Rule 403 is a matter within the sound discretion of the trial court. *State v. Jones*, 89 N.C. App. 584, 594, 367 S.E.2d 139, 145 (1988). We do not find that the trial court abused its discretion by admitting this evidence.

[1] Defendant next argues that the trial court erred by sentencing the defendant for a period greater than the presumptive sentence based upon the fact that the State did not offer any exhibits into evidence. The State presented information to the court that defendant had prior convictions for felonious possession of marijuana, felonious possession of LSD, discharging a firearm into an occupied motor vehicle and escape from the Department of Corrections. The defendant never objected to the nature of the evidence offered by the State to prove the prior convictions and further stated in the record that his record did not show transgressions against property and are "not consistent with what he's been involved in in the past." Appellate Rule 10(b)(2) requires a party to object to the failure of the trial court to make necessary findings and conclusions in order to advance those issues on appeal. "The purpose of this rule appears to be to provide the trial court an opportunity to correct any obvious defects and thereby eliminate the need for an appeal and a new proceeding." *State v. Bradley*, 91 N.C. App. 559, 564, 373 S.E.2d 130, 132-33, *disc. rev. denied*, 324 N.C. 114, 377 S.E.2d 238 (1989). Because defendant failed to object to the State's statements at sentencing, he has waived his right to appeal.

[2] Finally, defendant argues that the trial court erred in sentencing him to a prison term in excess of the presumptive sentence. The combined presumptive sentence is fifteen years for the two crimes. The judge found, in aggravation of the sentence, that the defendant was convicted of crimes punishable by more than sixty

**STATE v. CANADY**

[99 N.C. App. 189 (1990)]

days confinement and found no mitigating factors. Defendant's conviction of second degree burglary alone subjected him to a maximum sentence of forty years. Defendant's sentence of twenty years imprisonment is well below the maximum sentence for his most serious felony and is therefore proper. *State v. Phillips*, 84 N.C. App. 302, 305, 352 S.E.2d 273, 275, *disc. rev. denied*, 319 N.C. 462, 356 S.E.2d 12 (1987). The trial court did not err in sentencing the defendant to a term greater than the presumptive sentence combined.

No error.

Judge ORR concurs.

Judge GREENE concurs in part and dissents in part.

Judge GREENE concurring in part and dissenting in part.

I agree with the majority that there was no error in the defendant's trial. I disagree, however, with the majority's conclusion that the failure of the defendant to object to the district attorney's statements at the sentencing hearing amounted to a waiver of defendant's right to complain that the statements were insufficient to support findings in aggravation of the sentence. The only evidence presented at the sentencing hearing relating to the prior criminal conduct of the defendant was the following statement of the district attorney:

> Your Honor, first of all, I would like to present to the Court facts of a prior criminal record of the Defendant. The Defendant does have prior criminal convictions for felonious possession of marijuana, felonious possession of LSD, discharging a firearm into an occupied motor vehicle, and also escape from a department of corrections conviction. All of these would be within the time limits which would entitle the Court to find them as aggravating circumstances in that they are within ten years and also involve sentences of more than sixty days.

Based on the statements of the district attorney, to which defendant did not object, the trial judge found as aggravating factors that the defendant had "a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement."

I believe the statements of the district attorney are inadequate as a matter of law to support the findings of the trial judge and that the defendant has not waived the right to argue that issue in this court. "A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction." N.C.G.S. § 15A-1340.4(e) (1988). Prior convictions may also be proven by defendant's testimony. Here we had only the unsupported statement of the district attorney. This statement is not competent to prove prior convictions. *See State v. Swimm*, 316 N.C. 24, 32, 340 S.E.2d 65, 70-71 (1986); *accord State v. Thompson*, 309 N.C. 421, 424-25, 307 S.E.2d 156, 159 (1983) (prosecutor's unsworn statements deemed insufficient to prove prior convictions); *State v. Williams*, 92 N.C. App. 752, 376 S.E.2d 21, *disc. rev. denied*, 324 N.C. 251, 377 S.E.2d 762 (1989). Pursuant to his active inquisitorial function during sentencing, the trial court had the duty to examine all the evidence presented to determine if it would support any of the statutory sentencing factors, even absent a request by counsel. *See State v. Cameron*, 314 N.C. 516, 520, 335 S.E.2d 9, 11 (1985). Furthermore, the defendant's failure to object to the statements of the district attorney is not a bar to the defendant raising the issue on appeal. *See State v. Mack*, 87 N.C. App. 24, 359 S.E.2d 485 (1987), *disc. rev. denied*, 321 N.C. 477, 364 S.E.2d 663 (1988).

Therefore, since the remarks by the district attorney were not evidence according to the *Swimm* decision and since the defendant did not waive his right to argue this issue on appeal, I vote to remand to the trial court for resentencing.