STATE v. GORDON

[104 N.C. App. 455 (1991)]

STATE OF NORTH CAROLINA v. ALICE RAMONA GORDON, DEFENDANT

No. 9028SC1360

(Filed 5 November 1991)

1. **Criminal Law § 853 (NCI4th)— assault—self-defense—pattern instruction not given—no objection**

There was no error in an assault prosecution where the court rejected defendant's requested instruction on self-defense, indicated that the pattern instructions would be given, instructed the jury on self-defense but not with the pattern instructions, and defense counsel did not object to the instruction when given the opportunity to do so outside the presence of the jury. Defendant's reliance on *State v. Ross*, 322 N.C. 261, is misplaced because *Ross* concerned the failure of the trial judge to give any instruction, while the court here gave a self-defense instruction. Additionally, it is clear that no plain error exists with respect to the instruction given.

**Am Jur 2d, Assault and Battery §§ 69, 107.**

2. **Evidence and Witnesses § 394 (NCI4th)— assault—other crimes—inadmissible—no prejudicial error**

There was no prejudicial error in an assault prosecution from the admission of evidence of other crimes concerning defendant and her relatives where defendant did not preserve for appeal issues involving evidence about her uncle and her boyfriend, and there was no prejudice from evidence that defendant had a propensity to break the law, even though the State advanced no argument as to any permissible purpose for introducing the evidence, where the evidence in the case clearly showed that defendant shot the victim and there was substantial evidence that the victim was walking towards her home when defendant shot her, negating defendant's self-defense claim.

**Am Jur 2d, Evidence § 320.**

3. **Criminal Law § 1184 (NCI4th)— assault—aggravating factors— prior convictions—prosecutor's unsworn statements**

A sentence five years beyond the presumptive term for assault with a deadly weapon inflicting serious injury was remanded for resentencing where the trial judge based his

finding of the aggravating factor of prior convictions solely on the prosecutor's unsworn statements. Defendant's failure to object at trial does not bar her from appealing this issue since the evidence was insufficient as a matter of law. N.C.G.S. § 15A-1340.4(a)(1)o.

Am Jur 2d, Evidence § 333; Habitual Criminals and Subsequent Offenders §§ 26, 27.

APPEAL from judgment and sentence entered 14 May 1990 in BUNCOMBE County Superior Court by *Judge Robert Burroughs.* Heard in the Court of Appeals 26 September 1991.

*Lacy H. Thornburg, Attorney General, by P. Bly Hall, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Daniel R. Pollitt, Assistant Appellate Defender, for defendant-appellant.*

WYNN, Judge.

The State's evidence tended to show that defendant and the victim, Suzanne Jackson, argued about defendant's boyfriend on 10 September 1989. The next evening, defendant was sitting in or on a friend's car in her apartment complex parking lot about thirty feet from Jackson's front door when Jackson came outside. Defendant yelled remarks to her but did not approach her. Thereafter, Jackson walked towards defendant and said "if you want to fight, we'll fight." In response, defendant jumped out of the car, ran across the street, and apparently obtained a gun from the hand of her uncle who was standing outside at the time of the incident. In the meantime, Jackson's husband urged her to go inside, and, while the couple walked toward their front door, defendant followed them and shot Jackson in the arm.

Defendant presented evidence at trial which formed the basis for her contention that she acted in self-defense. Contrary to Jackson's testimony that she did not have anything in her hand, four of defendant's witnesses testified that the victim had something in her hand that looked like a knife prior to the shooting. Defendant's witnesses also stated that the victim chased defendant around the car with the knife.

The jury found defendant guilty of assault with a deadly weapon inflicting serious injury. The trial judge sentenced defendant to

STATE v. GORDON

[104 N.C. App. 455 (1991)]

a term of eight years, five years greater than the presumptive sentence. To this court, defendant appealed.

I

**[1]** Defendant first assigns error to the trial judge's instructions to the jury on self-defense. She alleges that the instruction given by the trial judge was inadequate, misleading, and erroneous as a matter of law. We disagree.

Although it is not clear from the record, defendant contends that during the charge conference, she requested an instruction on self-defense. The trial judge apparently indicated he would give the pattern jury instructions. However, in his instructions to the jury, the trial judge instructed on self-defense, but did not give the pattern instructions. Following his instructions to the jury, the trial judge asked counsel if they objected to the "pattern" instructions he had just given the jury. Both attorneys stated they had no objections.

Under N.C.R. App. P. 10(b)(2), "[a] party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . . ." *See State v. Morgan*, 315 N.C. 626, 340 S.E.2d 84 (1986); *State v. Norfleet*, 65 N.C. App. 355, 309 S.E.2d 260 (1983). There are, however, two exceptions to this requirement. The first exception applies when the trial judge fails to give any instruction on the requested issue. *State v. Ross*, 322 N.C. 261, 367 S.E.2d 889 (1988). In *Ross*, the trial judge agreed to give a requested instruction on defendant's decision not to testify, but the trial judge neglected to give the promised instruction. There, our Supreme Court held that "a request for an instruction at the charge conference is sufficient compliance with [Rule 10(b)(2)] to warrant our full review on appeal where the requested instruction is subsequently promised but not given, notwithstanding any failure to bring the error to the trial judge's attention at the end of the instructions." *Id.* at 265, 367 S.E.2d at 891. The second exception allows a party to seek relief on appeal without making the proper objection if the instructions complained of constitute plain error. *State v. Cummings*, 326 N.C. 298, 389 S.E.2d 66 (1990). Plain error means "something so basic, so prejudicial, so lacking in its elements that justice cannot have been done . . . ." *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States*

*v. McCaskill*, 676 F.2d 995, 1002, (4th Cir.), *cert. denied*, 459 U.S. 1018 (1982)).

In the instant case, defendant's counsel failed to object to the jury charge, even though the trial judge gave him ample opportunity outside the hearing of the jury. Defendant's reliance on the *Ross* exception is misplaced since the trial judge did give a self-defense instruction; *Ross* concerns the failure of the trial judge to give any instruction at all. Additionally, because the trial judge stated the law on self-defense in a manner very similar to the pattern instruction, it is clear that no plain error exists with respect to his instructions. We, therefore, find that defendant's assignment of error on this point is without merit.

## II

[2] In her next assignments of error, defendant contends that she is entitled to a new trial because the trial court erroneously admitted irrelevant "other crimes" evidence about defendant and her relatives and because the prosecution asked improper questions about those crimes. We disagree.

From the outset, we note that with respect to the evidence about her uncle, defendant has waived her right to preserve this issue on appeal because she neither objected nor moved to strike this evidence. Defendant also cannot appeal inclusion of the evidence relating to her boyfriend because the same information was admitted without objection elsewhere. *See* N.C.R. App. P. 10(b)(1). Additionally, defendant has failed to argue that there was plain error to excuse her failure to object at trial. N.C.R. App. P. 10(c)(4).

We will now examine the "other crimes" evidence which defendant properly preserved for appellate review. At trial, Suzanne Jackson made several remarks on direct examination about defendant "doing that stuff." The trial judge, however, did not allow the witness to define the "stuff." Later in the trial, the prosecutor asked defendant's sister the following question: "As a matter of fact, there are not too many days when Alice isn't on cocaine, is there?" The trial judge overruled defendant's objection to this question.

Evidence relating to a defendant's "other crimes" or prior bad acts is governed by Rule 404(b):

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he

acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.R. Evid. 404(b). Our Supreme Court has interpreted Rule 404(b) as "a clear general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey,* 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis in the original).

In this case, Ms. Jackson's testimony and the prosecutor's questioning of defendant's sister suggested that defendant had a propensity to break the law. Even though the standard for inclusion under Rule 404(b) is very broad, the state advanced no argument as to *any* permissible purpose for introducing this evidence. We, therefore, find that the trial court should have excluded this evidence of defendant's "other crimes." *State v. Bagley,* 321 N.C. 201, 362 S.E.2d 244 (1987), *cert. denied,* 485 U.S. 1036, 99 L.Ed.2d 912 (1988).

Having found the inclusion of this evidence to be error, we now must determine whether defendant is entitled to a new trial. To obtain a new trial, the defendant must show that her rights were prejudiced and that, had the error in question not been committed, a different result would have been reached at trial. *State v. Scott,* 242 N.C. 595, 89 S.E.2d 153 (1955); *State v. Keys,* 87 N.C. App. 349, 361 S.E.2d 286 (1987). The evidence in this case clearly showed that defendant shot Jackson; and there was substantial evidence presented at trial that Jackson was walking towards her home when defendant shot her, negating defendant's self-defense claim. Considering these facts and other evidence presented at trial, we hold that the "other crimes" evidence did not prejudice the defendant. Accordingly, we overrule defendant's assignments of error on this point.

### III

[3] In her final assignment of error, defendant contends that she is entitled to a new sentencing hearing because the trial court's finding of the statutory aggravating sentencing factor of prior convictions is not supported by any record evidence. We agree.

A trial judge's finding of an aggravating sentencing factor must be supported by a preponderance of the evidence introduced at the sentencing hearing. N.C.G.S. § 15A-1340.4(a) (1988). Evidence of prior convictions "may be proved by stipulation of the parties or by the original or certified copy of the court record of the prior conviction." *Id.* § 15A-1340.4(e). In *State v. Swimm*, 316 N.C. 24, 32, 340 S.E.2d 65, 71 (1986), our Supreme Court stated that "a trial court may not find an aggravating factor where the only evidence to support it is the prosecutor's mere assertion that the factor exists." *See also State v. Thompson*, 309 N.C. 421, 424-25, 307 S.E.2d 156, 159 (1983) ("We also agree with the Court of Appeals that the prosecuting attorney's statement concerning a prior conviction of larceny in Jones County constituted insufficient evidence to support a finding of that prior conviction . . . ."). *But see State v. Canady*, 99 N.C. App. 189, 190, 392 S.E.2d 457, 458 (1990) (The State failed to prove prior convictions with exhibits, but this Court held that defendant waived the right to appeal by failing to object.); *State v. Bradley*, 91 N.C. App. 559, 565, 373 S.E.2d 131, 133, *disc. rev. denied*, 324 N.C. 114, 377 S.E.2d 238 (1989) (same). Furthermore, this court has held that "[d]efendant's failure to object to the prosecutor's statement at the sentencing hearing . . . was not fatal; error based on the insufficiency of evidence as a matter of law can be reviewed absent an objection." *State v. Williams*, 92 N.C. App. 752, 753, 376 S.E.2d 21, 22, *disc. rev. denied*, 324 N.C. 251, 377 S.E.2d 762 (1989). *See* N.C.G.S. § 15A-1446(d)(5) (1983) (Errors based on the insufficiency of the evidence as a matter of law may be the subject of appellate review even though no exception has been made in the trial division.).

In the instant case, the prosecutor, at the sentencing hearing, orally listed prior offenses committed by defendant. Defendant's counsel failed to object. The trial court found the presence of the aggravating sentencing factor of prior convictions and sentenced defendant to an eight-year prison term, five years beyond the presumptive. The trial judge based his finding of the aggravating factor of prior convictions solely on the prosecutor's unsworn statements. These statements, standing alone, are insufficient to prove defendant's prior convictions under N.C.G.S. § 15A-1340.4(a)(1)(o) and under our Supreme Court's holdings in both *Swimm* and *Thompson*. Moreover, defendant's failure to object at trial does not bar her from appealing this issue since we find

the evidence insufficient as a matter of law. Accordingly, we remand the case for resentencing.

No prejudicial error in trial. Sentence is vacated and remanded for resentencing in accordance with this opinion.

Judges WELLS and PARKER concur.